Calvin SIEGFRIED, Sr., Appellant,

v.

BOROUGH OF WILSON.

Commonwealth Court of Pennsylvania.

Argued April 8, 1997.
Decided May 16, 1997.

Robert Glazer, Easton, for appellant.

Dennis A. DeEsch, Easton, for appellee.

Before McGINLEY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This appeal presents the issues of: 1) whether a police officer is entitled to compensation under the Fair Labor Standards Act[1] for off-duty hours spent in the care, maintenance and training of a dog which is owned by the officer but leased to the municipality, where it is regularly used by the officer on patrol without the objection and with the knowledge of the municipality; and 2) whether the Borough of Wilson (Borough) willfully denied compensation.

Calvin Siegfried, Sr. (Siegfried) appeals from the order of the Court of Common Pleas of Northampton County (trial court), which denied his claim for relief under the FLSA. We affirm.

Unlike the cases cited by Siegfried in which overtime has been awarded for canine home maintenance, see Nichols v. Chicago, 789 F.Supp. 1438 (N.D.Ill.1992); Truslow v. Spotsylvania County Sheriff, 783 F.Supp. 274 (E.D.Va.1992); Graham v. Chicago, 828 F.Supp. 576 (N.D.Ill.1993); Reich v. NYCTA, 839 F.Supp. 171 (E.D.N.Y.1993); Andrews v. DuBois, 888 F.Supp. 213 (D.Mass.1995) where the departments adopted formal canine programs in which the law enforcement entity owned the canines used on patrol and required the employees to care for the canines as a condition to employment in the canine unit, Siegfried was a patrol officer for the Borough where, although not requested by the Borough, he was permitted to use his dog in his patrol duties pursuant to a One Dollar ($1.00) lease with the Borough.[2] Siegfried was free to unilaterally terminate the lease at any time and continue his normal patrol duty without any adverse repercussions. As long as Siegfried chose to use the dog in his patrols, he elected, without the Borough's order or direction, to assume the responsibility for the dog's grooming and boarding, but the Borough accepted all liability arising from its use in patrol. The Borough paid for professional dog training and treatment of any patrol-related injuries, and the dog was transported to and from work in a Borough vehicle operated by Siegfried during his paid work hours. The Police Department eventually adopted rules, drafted by Siegfried, governing the Police Department's policy on the proper handling, if any, of canines used in patrol.

The Borough conducted an investigation in which it concluded that permitting the officers to use dogs on patrol could result in additional financial liability to the Borough and in September of 1994, withdrew its permission to use dogs on patrols. Siegfried

---

1. Fair Labor Standards Act of June 25, 1938 (FLSA), ch. 676, § 1, 52 Stat. 1060, as amended, 29 U.S.C. § 201 et seq.

2. Siegfried became a patrol officer with the Borough in 1979 where he served part-time from 1979–1988 and full-time thereafter. Sometime in 1980 or 1981, Siegfried asked to be allowed to use a dog in patrol. Permission was granted and he subsequently purchased a dog through a professional canine service, and when he retired that dog, he purchased another which he used on patrol from 1991–1994 until the Borough withdrew its permission on September 5, 1994. Siegfried leased the dog to the Borough pursuant to a valid lease entered into on January 11, 1983, which remained in effect for all relevant periods to this action. Siegfried testified that for some period of time Officer Hendershot and Sergeant Rogers used dogs in their patrols and that Officer Sullivan used a dog in his patrol from 1991–1994.

continued his duties with the Police Department as a patrol officer without any adverse repercussions. On November 18, 1994, Siegfried filed a complaint with the trial court seeking overtime compensation, liquidated damages and attorney's fees under the FLSA for time spent off duty in the care and training of his dog. On September 3, 1996, after a non-jury trial, the trial court denied the claim. Siegfried appealed directly to this Court on October 2, 1996, without filing post-trial motions.

On appeal to this Court,[3] Siegfried argues that as an employee of the Borough, he is entitled to compensation under the FLSA for off-duty hours spent in the care, maintenance and training of a dog which he owned but leased to the municipality. He argues that he is so entitled because he used the dog on patrol to the benefit and with the full knowledge of the Borough. He further argues that the Borough willfully denied this compensation.

The Borough counters that issues not preserved by a timely post-trial motion pursuant to Pa. R.C.P. No. 227.1 are waived for purposes of appeal. It argues that Siegfried has therefore waived all of the issues presented in this appeal because he did not file any post-trial motions, timely or otherwise. We agree.

Rule 302(a)[4] clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pennsylvania courts have consistently applied this rule. *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974). The appellate court may sua sponte refuse to address an issue raised on appeal that was not raised and preserved below, *Tarter v. Linn*, 396 Pa. Superior Ct. 155, 578 A.2d 453 (1990), or pursuant to opposing counsel's motion to dismiss for failure to preserve the question below pursuant to Pa. R.A.P. 1972(5). In many civil actions governed by Pa. R.C.P. No. 227.1, once issues are raised, a written motion for post-trial relief[5] must also be filed in a timely manner[6] in order to preserve the issues on appeal[7].

In order to ascertain the application of Rule 227.1 to the present case, we must therefore begin by ascertaining the precise nature of the cause of action. This case originated in the Court of Common Pleas of Northampton County as a direct civil complaint to recover damages arising from the Borough's alleged violation of statutorily created rights under the FLSA. The trial was conducted without a jury. Jurisdiction over the initial cause of action is conferred upon the common pleas court by Section 216(b) of the FLSA, which provides that an action to recover the liability prescribed under the provisions of FLSA may be maintained by an employee against an employer, including a public agency, in any federal or state court of competent jurisdiction.[8] Because the statute is otherwise silent as to appellate jurisdiction, this Court's exercise of appellate jurisdiction is pursuant to 42 Pa.C.S. § 762(a)(4)(A).[9]

---

3. Where an order appealed is not an adjudication of a Commonwealth or local agency and the only hearing is in common pleas court, our standard of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether it committed an error of law or abused its discretion. *See e.g. Department of Transportation, Bureau of Driver Licensing v. Moss*, 146 Pa.Cmwlth. 330, 605 A.2d 1279 (1992), *appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992).

4. Pa. R.A.P. 302(a).

5. The motion must be in writing, stating how the grounds were asserted at pre-trial or trial. Pa. R.C.P. No. 227.1(a), (b)(2).

6. Pa. R.C.P. No. 227.1(c).

7. It is generally held that an issue contained in a post-trial motion must also be briefed and argued during post-trial proceedings or waived for purposes of appeal. *Weir v. Estate of Ciao*, 521 Pa. 491, 556 A.2d 819 (1989).

8. 29 U.S.C.S. § 216(b).

9. 42 Pa.C.S. § 762 provides in pertinent part:

§ 762. Appeals from courts of common pleas
(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

\* \* \* \* \* \*

(4) Local government civil and criminal matters.—
(i) All actions or proceedings arising under any municipality, ... or where is drawn in question the application, interpretation or enforcement of any:

On its face, this is an appeal from a trial court decision filed in the case of a trial without jury as expressly addressed by the plain language of Pa. R.C.P. No. 227(c)(2).[10] Rule 227.1(c) provides in pertinent part:

(c) Post–Trial motions shall be filed within ten days after

\* \* \* \* \* \*

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

In this case, the trial court decision represents the first adjudication or determination in this matter. Nothing in the record establishes that any demand was made by Siegfried upon the Borough for the claimed wages or compensation prior to filing the claim and the Borough's answer explicitly denies any such demand. Because Rule 227.1(c)(2) prescribes the filing of post-trial motions in a standard bench trial in order to preserve issue on appeal and Siegfried has failed to file any post-trial motion in this case, no issues have been preserved for the consideration of this Court.

Because we conclude that Siegfried has waived all issues presented on appeal, we affirm.

Order affirmed.

## ORDER

AND NOW, this 16th day of May, 1997, the order of the Court of Common Pleas of Northampton County is hereby affirmed.

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity.

10. An appellant has a general right to file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief. Pa. R.A.P. 2113. In exercising this right, Siegfried has chosen not to address the Borough's claim of waiver and in doing so has waived any objections he may have had to the general applicability of the Rules of Appellate Procedure to this statutorily created cause of action.