700 A.2d 278

**HEALTHCARE STRATEGIES, INC.**

v.

**HOWARD COUNTY HUMAN RIGHTS COMMISSION et al.**

**No. 1676, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Sept. 24, 1997.

**350**

George E. Rippel, Jr., Francis X.B. Palumbo, Baltimore, for appellant.

Paul T. Johnson, Deputy County Solicitor and Katherine L. Taylor, Senior Asst. County Solicitor (Barbara M. Cook, County Solicitor, on the brief), Ellicott City, for appellees.

Argued before CATHELL, DAVIS and BYRNES, JJ.

CATHELL, Judge.

This appeal arises out of a complaint filed by Judith Carter, appellee, with the Howard County Office of Human Rights that alleged that she had been terminated from her position with HealthCare Strategies, Inc., appellant, because of racial and gender discrimination. A hearing on that complaint was conducted by the Howard County Human Rights Commission,[1] which ruled in favor of Carter. Appellant sought judicial review of the Commission's decision in the Circuit Court

---

1. The Howard County Human Rights Commission and the Howard County Office of Human Rights are also appellees in the case *sub judice*. Pursuant to Maryland Rule 7-204, they elected to participate in appellant's appeal to the Circuit Court for Howard County. We shall refer to Carter, the Office of Human Rights, and the Human Rights Commission collectively as "appellees."

for Howard County. The circuit court, however, dismissed appellant's petition because a transcript of the proceedings before the Commission had not been included in the record. Appellant has appealed that dismissal; it presents two questions for our review, which we rephrase as follows:

I.  Does this Court have jurisdiction to review the circuit court's dismissal of appellant's petition for judicial review of the Commission's decision?

II.  Did the circuit court err in dismissing appellant's petition for judicial review of the Commission's decision?

Because we do not have jurisdiction to hear an appeal that emanates from a decision of the Howard County Human Rights Commission, we shall dismiss the appeal.

## The Relevant Facts

Judith Carter, appellee, was employed by HealthCare Strategies, Inc., appellant, from April 6, 1992, through December 22, 1992. Immediately prior to her termination, Carter was on maternity leave. In accordance with appellant's maternity leave policy, this leave ended on December 18, 1992. When Carter did not return to work or provide appellant with a medical reason why her leave should be extended, she was terminated for job abandonment.

On March 10, 1993, Carter filed a complaint with the Howard County Office of Human Rights (OHR) alleging that she had been the victim of gender and racial discrimination. Following an investigation, OHR found that there was "reasonable cause to believe that [Carter] was overtly discriminated against in her termination, based on her sex (female and pregnant)." OHR also found that Carter was not discriminated against because of her race.

The finding of "reasonable cause" as to the charge of gender discrimination was referred to the Howard County Human Rights Commission (HRC) for a hearing. Testimony was taken over the course of six evenings, all of which was recorded on tape. HRC ultimately concluded that appellant had discriminated against Carter based upon gender, in viola-

tion of the Howard County Code. HRC further concluded that appellant's maternity leave policies discriminated against women, also in violation of the Howard County Code.

On June 30, 1995, appellant filed a petition for judicial review of HRC's decision in the Circuit Court for Howard County. This appeal was taken pursuant to section 12.212.V. of the Howard County Code, which authorizes appeals to the circuit court in accordance with the Maryland Rules of Procedure. In addition, rule 1.105.E.3 of the HRC Rules of Procedure, which applies to all cases before the HRC, states:

> The Human Rights Commission shall cause to be prepared an official record of its proceedings in each case, which shall include all testimony and exhibits, but it shall not be necessary to transcribe the testimony unless requested for court review, or when requested by any party in interest. The party requesting the transcript shall address such request to the Executive Secretary of the Commission, and shall pay the reporter in advance, the cost of transcribing the record. The reporter shall certify the accuracy of the transcript.[2]

---

**2.** In *Town of New Market v. Frederick County,* 71 Md.App. 514, 517, 526 A.2d 623 (1987), we stated:

> As written, Rule [7–206(a)] is subject to at least two interpretations. One, the responsibility for transmitting the record to the clerk is expressly delegated to the agency. The agency, therefore, is obliged to obtain a transcript notwithstanding it may require the appellant to pay the costs thereof. Two, payment of the expense of transcription is ordinarily borne by the appellant; it is, therefore, incumbent upon appellant to initiate the process of obtaining a transcript. Clearly, Rule [7–206(a)] places the responsibility for transmitting the record to the clerk of court upon the agency whose decision is being appealed. We think the onus is on the agency to forward to the clerk a complete record, since a record without the testimony is meaningless. [Citation omitted.]

Under this interpretation, the filing of the petition for judicial review is all that is necessary to put the agency on notice that a transcript must be produced and filed as part of the record. Whether HRC rule 1.105.E.3, which requires a petitioner to take an additional affirmative step in order to secure a transcript, conflicts with our prior decision or violates HRC's organic statute will have to await a case in which we have jurisdiction.

In compliance with Maryland Rule 7–206(c), HRC transmitted the record to the circuit court within sixty days after being served with the petition for judicial review. Absent from the record, however, was a transcript of the proceedings before the HRC. Because appellant never filed with HRC a request to prepare the transcript within the sixty-day window as required by rule 1.105.E.3, a transcript was not produced and, therefore, not included in the record transmitted to the circuit court.

Before the circuit court, appellees filed a motion to dismiss the petition on the ground that, without a transcript, the court could not conduct an on-the-record review of the HRC's decision. Following a hearing on the matter, the circuit court granted appellees' motion based upon the dictates of Maryland Rule 7–206. Appellant noted an appeal to this Court therefrom.

## Discussion

We initially note that this is an administrative agency appeal. It is not a case originally filed in the circuit court. It originated at the agency, *i.e.,* the executive/legislative branch, and was appealed to the circuit court. That court was at all times acting in an appellate capacity. It was not exercising original jurisdiction.

It must also always be remembered that this Court is a court of limited jurisdiction. We are only empowered to hear certain appeals, and we are obligated to explore whether we have jurisdiction over each matter and to halt any proceeding when we find it lacking. As it pertains to this case, our authority is limited by Maryland Code (1973, 1995 Repl.Vol.), § 12–302 of the Courts and Judicial Proceedings Article (CJ). While section 12–301 permits appeals from final judgments of the circuit courts, section 12–302 enumerates certain exceptions from that broad grant.

Pursuant to section 12–302(a), "[u]nless a right to appeal is expressly granted by law, § 12–301 does not permit an appeal from a final judgment of a court entered or made in the

exercise of appellate jurisdiction in reviewing the decision of ... an administrative agency...." CJ § 12–302(a). As we recognized, albeit as dicta, in *Levitz Furniture Corp. v. Prince George's County,* 72 Md.App. 103, 108, 527 A.2d 813, *cert. denied,* 311 Md. 286, 533 A.2d 1308 (1987), section "12–302(a) enables [a][c]ounty to deny its citizens the right to enlist our review of the circuit court's exercise of appellate jurisdiction." It is uncontested that the Howard County Code does not contain a grant authorizing us to review decisions of the circuit court that arise out of that court's jurisdiction to review decisions of the HRC, except to the extent that we may be asked to review "the lower court's exercise of original jurisdiction," *id.,* a question not raised in the case at bar. Judge Wilner, for this Court in *Department of Gen. Servs. v. Harmans Assocs. Ltd. Partnership,* 98 Md.App. 535, 542, 633 A.2d 939 (1993), said: "Where the action in the circuit court is thus one to review the decision of an administrative agency, no appeal will lie to this Court unless the right to take such an appeal is expressly granted somewhere in the law." There, as here, it is clear the case was a "contested case" as defined by the Administrative Procedure Act. *See* Md.Code (1984, 1995 Repl.Vol., 1996 Supp.), § 10–202(d) of the State Government Article. The Howard County Office of Human Rights, however, is not covered by the definition of "agency" found in that Act. Section 10–202(b) of the State Government Article defines the term agency as:

(1) an officer or unit of the State government authorized by law to adjudicate contested cases; or

(2) a unit that:

(i) is created by general law;

(ii) operates in at least 2 counties; and

(iii) is authorized by law to adjudicate contested cases.

■ The Howard County Office of Human Rights is not a unit of State Government, nor does it operate in more than one county. Thus, any right to appeal to this Court from a circuit court review of its actions must be found in the county law creating the agency and governing its operations. *See*

*also Gisriel v. Ocean City Bd. of Supervisors of Elections,* 345 Md. 477, 496, 693 A.2d 757 (1997) ("[W]hen a circuit court proceeding in substance constitutes ordinary judicial review of an adjudicatory decision by an administrative agency or local legislative body, pursuant to a statute, ordinance, or charter provision, and the circuit court renders a final judgment within its jurisdiction, § 12–302(a) [of the Courts and Judicial Proceedings Article] is applicable, and an appeal to the Court of Special Appeals is not authorized by § 12–301.").

The Howard County Code only contemplates appeals of unfair employment practice cases to the Circuit Court for Howard County. HOWARD COUNTY, MD., CODE § 12.212.V(a)–(b) (1977 & Supp.1997). The code provides that "[a]ppeals [from decisions of the HRC] shall be in accordance with the Maryland Rules of Procedure providing for appeals from administrative agencies." § 12.212.V(b). As we have said, Chapter 200 of Title 7 of the Maryland Rules, to which § 12–212–V(b) refers, provides only for review by the circuit court. Neither in those rules nor in the county code is there a provision contemplating further review by this Court.

As we have indicated, if in addition to exercising its appellate jurisdiction the circuit court exercised original jurisdiction, we would have jurisdiction to review that portion of the circuit court's final judgment. *Levitz,* 72 Md.App. at 108, 527 A.2d 813 (noting that § 12–302(a) "does not enable the county to preclude our review of the lower court's exercise of original jurisdiction"). It is in this manner that appellant attempts to enlist our jurisdiction.

Appellant avers that its Petition for Judicial Review and Related Relief, which was filed in the circuit court, "sought remedies in the alternative" and that these alternative remedies invoked the original, as opposed to appellate,[3] jurisdiction of the circuit court. Additionally, appellant asserts that two

---

3. We note that in actions of the type as the case *sub judice,* this Court does not exercise appellate jurisdiction in its technical sense. *See Gisriel,* 345 Md. at 495, 693 A.2d 757; *Harmans,* 98 Md.App. at 535 n. 2, 633 A.2d 939.

prehearing motions filed by appellees—a Motion to Deny Jury Trial Request and a Motion to Dismiss Appeal—required the circuit court to exercise original jurisdiction in this case.

In its Petition for Judicial Review and Related Relief, in addition to seeking judicial review of the HRC's decision, appellant requested the following:

4. [Appellant] further requests that it be granted the opportunity to present additional evidence, pursuant to Maryland Rule 7–208, at the hearing on the merits to be scheduled in this cause, and any other *de novo* rights to which [appellant] is or may become entitled, including but not limited to trial by jury, pursuant to Maryland Rule 2–325(d).

Appellant likens this case to *Levitz.* *Levitz,* however, is readily distinguishable from the case *sub judice.* In *Levitz,* the employer's petition for judicial review of the Prince George's County Human Rights Commission's finding that the employer had discriminated against an employee was consolidated with the County's action in equity to enforce the Commission's decision. *Levitz,* 72 Md.App. at 105, 527 A.2d 813. It was the invocation of the circuit court's original jurisdiction by the county that gave us jurisdiction to hear the appeal. *Id.* at 108, 527 A.2d 813. There was no such consolidation in the instant appeal. The preliminary motions filed before the circuit court by appellees, the Motion to Deny Jury Trial Request and Motion to Dismiss Appeal, were in response to appellant's Petition for Judicial Review and Related Relief. Both motions were part of the action commenced by appellant with the filing of its petition. Neither motion required the circuit court to exercise its original jurisdiction.

█ Furthermore, appellant was not entitled to either a jury trial or a trial *de novo* before the circuit court. When an administrative agency's organic statute does not specify any particular standard for reviewing decisions of the agency, the courts "employ the general principle that 'decisions of an administrative agency will not be disturbed on appeal unless they are not supported by substantial evidence or are arbi-

trary, capricious or unreasonable.'" *Levitz*, 72 Md.App. at 110–11, 527 A.2d 813 (quoting *Supervisor of Assessments v. Peter & John Radio Fellowship, Inc.*, 274 Md. 353, 355, 335 A.2d 93 (1975)); *see also Erb v. Maryland Dep't of Env't*, 110 Md.App. 246, 266–67, 676 A.2d 1017 (1996) ("Generally, the scope of a court's review of agency action ... is confined to the record made before the administrative agency. The presentation of new evidence to the circuit court is inconsistent with the narrow scope of judicial review of agency decisions." (citations omitted)).

Accordingly, because the circuit court only exercised appellate, and not original, jurisdiction, we lack jurisdiction to hear this appeal.

**APPEAL DISMISSED; APPELLANT TO PAY THE COSTS.**