# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                                    :
                          Appellant             :
                                                :
          v.                                    :
                                                :
York County Prison (Medical Department),        :
Prison Health Services, Inc., c/k/a Corizon     :
Health, Inc., Sandra M. Ulerick,                :
Jennifer Miosi, Ashley Doe, and Jane Doe        :     No. 569 C.D. 2015

# **O R D E R**

NOW, February 19, 2016, upon consideration of appellees' application for reargument seeking reconsideration of the December 30, 2015 opinion and order, reconsideration is granted. To the extent the application seeks reargument, the reargument application is denied.

The opinion and order filed December 30, 2015 are withdrawn.[1]

The attached opinion and order are entered.

                                       _____
                                       MARY HANNAH LEAVITT,
                                       President Judge

---

[1] Judge Wojcik did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                                    :
                    Appellant                   :
                                                :       No. 569 C.D. 2015
            v.                                  :
                                                :       Submitted: October 16, 2015
York County Prison (Medical                     :
Department), Prison Health Services,            :
Inc., c/k/a Corizon Health, Inc.,               :
Sandra M. Ulerick, Jennifer Miosi,              :
Ashley Doe, and Jane Doe                        :


BEFORE:     HONORABLE DAN PELLEGRINI, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                             FILED: February 19, 2016


            Lamar Brown (Brown) appeals, *pro se*, from the September 30, 2014, order of the Court of Common Pleas of York County (trial court) which sustained the preliminary objections filed by York County Prison, Prison Health Services, Inc., Sandra M. Ulerick, and Jennifer Miosi (collectively, Appellees) and dismissed Brown's complaint as untimely. Appellees have filed motions to dismiss Brown's appeal.


**Background**

            On October 20, 2003, Brown entered a guilty plea to three counts of robbery in violation of section 3701 of the Crimes Code, 18 Pa. C.S. §3701. In

October 2007, Brown filed a post-conviction motion contesting his guilty plea, arguing that he was on medication that affected his ability to knowingly and intelligently enter a guilty plea. Brown's court-appointed attorney attempted to obtain from Appellees Brown's medical records dating from 2003, but was unsuccessful, and on October 31, 2011, the trial court denied Brown's motion.

## Civil proceedings

On November 4, 2013, Brown filed a complaint against Appellees, alleging fraud, professional negligence, failure to train employees, and violations of his First and Fourteenth Amendment rights. Brown alleged that Appellees destroyed or lost his medical records, which would have confirmed that he was given medications that affected his ability to knowingly and intelligently enter a guilty plea.

In March 2014, Appellees filed preliminary objections to Brown's complaint, asserting, among other things, that Brown's claims were barred by the two-year statute of limitations for tort actions and by governmental immunity. Brown did not file any response. The trial court sustained the preliminary objections by order dated September 30, 2014, and dismissed Brown's complaint on the ground that his claims were filed five days beyond the two-year statute of limitations.

Brown filed a notice of appeal with the Superior Court, which initially dismissed the appeal because Brown failed to complete and file a docketing statement pursuant to Pa.R.A.P. 3517. Brown then filed an application for reconsideration, which the Superior Court granted. Subsequently, the Superior Court transferred the matter to this Court. On December 1, 2014, Brown filed a statement of errors complained of on appeal, asserting that his complaint was timely filed under the prisoner mailbox rule.

2

In August 2015, Appellees filed motions to dismiss, alleging that Brown had waived the sole issue he seeks to raise on appeal. Subsequently, this Court granted Appellees' applications to suspend the briefing schedule pending resolution of the issues presented in their motions to dismiss. On August 25, 2015, Brown filed a response to the applications for relief, arguing that Appellees' preliminary objections did not contain a notice to plead and therefore no responsive pleading was required. On August 31, 2015, this Court ordered that the motions to dismiss be decided along with the merits of the appeal.

**Prisoner mailbox rule**

On appeal, Brown argues that his complaint was timely filed according to the prisoner mailbox rule, under which a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or placed in the prison mailbox. Brown asserts that on October 15, 2013, he sealed his complaint in an envelope, addressed it to the York County Prothonotary, and filled out a cash slip, which reflects the date and the recipient of the envelope. A copy of the cash slip, a copy of an envelope addressed to Brown from the Office of the Prothonotary of York County, and a copy of a handwritten note are attached to Brown's brief as Exhibits A, B, and C.[1] Relying on the prisoner mailbox rule, Brown contends that his complaint was filed when it was given to prison authorities on October 15, 2013, two weeks prior to the expiration of the statute of limitations on October 31, 2013.

In *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996), our Supreme Court held that state appellate courts should consider a *pro*

---

[1] Appellees note that these documents were not submitted to the trial court and thus are not part of the official record transmitted to this Court.

*se* inmate's appeal from a governmental agency decision to be filed when the appeal is given to prison officials or placed in the prison mailbox. In its opinion, the court took notice of the special circumstances of an appellant who is incarcerated at the time of his appeal and who acts *pro se*. The court also noted the following language of the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988):

> The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.

*Smith*, 683 A.2d at 281 (quoting *Houston,* 487 U.S. 270-71).

Acknowledging that *Houston* involved an interpretation of a federal rule of procedure, the court in *Smith* concluded that the observations and concerns articulated in *Houston* were equally applicable to *pro se* prisoners in this Commonwealth. Thus, in *Smith* the court held that "in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal

4

to prison authorities and/or places his notice of appeal in the institutional mailbox." *Smith*, 683 A.2d at 281.

Subsequently, in *Commonwealth v. Jones*, 700 A.2d 278 (Pa. 1996), our Supreme Court expanded its holding in *Smith* and held that the prisoner mailbox rule applied not only to appeals from agency decisions but to all appeals filed by *pro se* prisoners. On appeal, Brown claims that this matter is controlled by the holding in *Jones*, and he argues that his complaint should be deemed timely filed under the prisoner mailbox rule.[2]

Where a trial court dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Podolak v. Tobyhanna Township Board of Supervisors*, 37 A.3d 1283, 1286-87 (Pa. Cmwlth. 2012). In this instance, the trial court sustained Appellees' preliminary objections based on the statute of limitations and did not address immunity or any other grounds for dismissal asserted by Appellees.

### Waiver

Preliminarily, we address Appellees' collective argument that Brown waived the question of whether the prisoner mailbox rule applies to the filing of his complaint because Brown failed to raise this issue before the trial court. Pa.R.A.P. 302(a) states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Appellees argue that Brown did not attempt to assert a

---

[2] We note that in *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001), the Superior Court held that the prisoner mailbox rule applies to all *pro se* filings by incarcerated litigants, including civil matters.

claim based on the prisoner mailbox rule prior to his appeal to this Court, and they note that Brown did not respond to Appellees' preliminary objections and has not identified in his appellate brief where that issue was preserved.

"[Pa.R.A.P.] 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal." *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997). Pennsylvania courts "have consistently held that issues not raised in the court below are waived and cannot be raised for the first time [on appeal]." *Commonwealth v. Piper*, 328 A.2d 845, 847 (Pa. 1974); *Siegfried*, 695 A.2d at 894. Indeed, an appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below, or pursuant to opposing counsel's motion to dismiss for failure to preserve the question below pursuant to Pa.R.A.P. 1972(a)(5).[3] *Siegfried*, 695 A.2d at 894. In addition, we have previously held that issues that were not raised before the trial court cannot be raised in a statement of errors complained of. *Commonwealth v. Deloach*, 714 A.2d 483, 486 n.8 (Pa. Cmwlth. 1998); *Rutledge v. Department of Transportation*, 508 A.2d 1306, 1307-08 (Pa. Cmwlth. 1986).

However, affirmative defenses, including statute of limitations, are governed by Rule 1030, which provides in relevant part as follows:

> (a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit,

---

[3] Pa.R.A.P. 1972(a)(5) states: "Except as otherwise prescribed by this rule, subject to Rule 123 (applications for relief), any party may move . . . [t]o dismiss for failure to preserve the question below, or because the right to an appeal has been otherwise waived."

impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

Pa.R.C.P. No. 1030(a). Subsection (a) of Rule 1030 "is very broad and is designed for the purpose of putting plaintiffs on notice of what defenses to prepare for." *Kituskie v. Corbman*, 714 A.2d 1027, 1032 n.8 (Pa. 1998).

Rule 1028 governs preliminary objections, and subsection (a) sets forth the limited grounds that may be asserted.[4] As highlighted by a note to Rule 1028(a), the defense of the bar of a statute of frauds or statute of limitations can be asserted only in a responsive pleading as new matter under Rule 1030.

On appeal, however, Brown does not challenge Appellees' preliminary objections on that basis. Rather, in his response to Appellees' motions to dismiss based on waiver, Brown argues that he did not waive the application of the prisoner mailbox rule by failing to respond to Appellees' preliminary objections because the preliminary objections did not include a notice to plead. We have previously recognized that where a preliminary objection raises an issue that cannot be decided from the facts of record, the preliminary objection must be endorsed with a notice to

---

[4] Rule 1028(a) states that preliminary objections may be filed by any party to any pleading and are limited to the following grounds: (1) lack of personal or subject matter jurisdiction; improper venue or improper form or service of a writ of summons or a complaint; (2) failure of a pleading to conform to law or rule of court, or inclusion of scandalous or impertinent matter; (3) insufficient specificity in a pleading; (4) legal insufficiency of a pleading; (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action; (6) pendency of a prior action or agreement for alternative dispute resolution; (7) failure to exercise or exhaust a statutory remedy; and (8) a full, complete and adequate non-statutory remedy at law. Pa.R.C.P. No. 1028(a).

plead or no response will be required under Pa.R.C.P. No. 1029(d).[5] *Corbett v. Desiderio*, 698 A.2d 134, 137 (Pa. Cmwlth. 1997). *See also Cooper v. Church of St. Benedict*, 954 A.2d 1216, 1221 (Pa. Super. 2008) (when an issue raised cannot be decided based on facts of record, i.e., the complaint, the preliminary objections must be endorsed with a notice to plead, otherwise all the averments in the preliminary objections are deemed denied).

Here, none of the Appellees' preliminary objections, with the exception of the preliminary objections of Appellee Prison Health Services, Inc., contain a notice to plead. To the extent that the parties' preliminary objections were not endorsed with a notice to plead, all of the allegations in the preliminary objections, and specifically the allegation as to the date of filing of the complaint, were denied by Brown by operation of the Pennsylvania Rules of Civil Procedure. Consequently, Brown's failure to file a formal response to the preliminary objections lacking such notice to plead does not constitute a waiver of the prisoner mailbox rule. However, Brown's failure to file a response to the preliminary objections of Appellee Prison Health Services, Inc., mandates a contrary result, including the dismissal of Brown's appeal insofar as it relates to them.

Because the record before the trial court presented contested issues of fact as to when the complaint was filed for purposes of the prisoner mailbox rule, the trial court erred in dismissing Brown's complaint as untimely as to the remaining Appellees. Accordingly, we grant the motion of Prison Health Services, Inc., to dismiss Brown's appeal insofar as it relates to them, deny the remaining Appellees'

---

[5] Rule 1029(d) states that "averments in a pleading to which no responsive pleading is required shall be deemed denied."

motions to dismiss, vacate the trial court's order, and remand the matter to the trial court for further proceedings as to the remaining Appellees.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,      :
      Appellant  :
           :  No. 569 C.D. 2015
    v.      :
           :
York County Prison (Medical  :
Department), Prison Health Services, :
Inc., c/k/a Corizon Health, Inc.,  :
Sandra M. Ulerick, Jennifer Miosi, :
Ashley Doe, and Jane Doe   :

## ***ORDER***

   AND NOW, this 19th day of February, 2016, the motion of Prison Health Services, Inc., c/k/a Corizon Health Services, Inc., to dismiss the appeal of Lamar Brown insofar as it relates to them is granted. The motions to dismiss filed by York County Prison (Medical Department), Sandra M. Ulerick, and Jennifer Miosi are denied. The September 30, 2014, order of the Court of Common Pleas of York County is vacated and the matter is remanded to that court for further proceedings consistent with this opinion.

   Jurisdiction relinquished.

           _____
           PATRICIA A. McCULLOUGH, Judge