# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                  :
                   Appellant        :
                                :
         v.                                       :   No. 241 C.D. 2018
                                :   Submitted: May 3, 2019
Sherry Wise and Susan White           :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                  **FILED: August 26, 2019**

        Alton D. Brown (Brown), an inmate in a state correctional institution, representing himself, initially appealed an April 25, 2016 order (April 2016 order) entered in the Court of Common Pleas of Greene County (trial court), by The Honorable Farley Toothman, President Judge (Judge Toothman), that denied Brown's motion for reconsideration/recusal and dismissed his underlying civil action. In Alton D. Brown v. Sherry Wise and Susan White (Brown v. Wise & White I) (Pa. Cmwlth., No. 1939 C.D. 2016, filed August 25, 2017), 2017 WL 3642995 (unreported), we vacated the April 2016 order and remanded for a more complete explanation of the reasons for Judge Toothman's denial of the motion for reconsideration/recusal and subsequent entry of a *sua sponte* disqualification order. Upon review of the trial court's order on remand, dated November 8, 2017

(November 2017 order), and its final order, dated January 12, 2018 (January 2018 order), we now affirm.[1]

## I. Background
### A. Brown v. Wise and White I

On February 11, 2016, Brown filed an *in forma pauperis* (IFP) petition and a "petition for writ of mandamus" in the nature of a complaint seeking mandamus, injunctive, declaratory, and monetary relief (damages), against two employees of the Court of Common Pleas of Greene County: the Criminal Clerk of Court, Sherry Wise, and the Prothonotary, Susan White (collectively, Court Employees). See Original Record (O.R.), Item No. 41. Essentially, Brown alleged Court Employees barred his access to the trial court and were not responsive to his inquiries. On February 22, 2016, the trial court denied the IFP petition and directed Brown to pay the $96.00 filing fee within 30 days; failure to do so would result in dismissal of Brown's complaint. On March 3, 2016, Brown filed a motion for reconsideration of the denial of the IFP petition alleging the trial court did not provide a reason for the dismissal of his complaint.

On March 9, 2016, the trial court issued an opinion and order regarding Brown's motion for reconsideration (March 2016 order). See O.R., Item No. 38. The trial court explained that it denied Brown's IFP petition pursuant to Section

---

[1] In the present appeal, by order dated April 26, 2019, this Court precluded Appellees Sherry Wise and Susan White (Court Employees) from filing briefs or participating in oral argument based on their failure to comply with an earlier order directing them to file briefs within 14 days.

2

6602(f)(1) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §6602(f)(1), commonly referred to as the three-strikes rule.[2] The trial court deemed Brown a frequent prison conditions litigator in Greene County and an abusive litigator under the PLRA. The trial court also noted that Brown failed to present any evidence that he was in imminent danger of serious bodily injury, an exception to the three-strikes rule set forth in Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f). Consequently, the trial court denied Brown's first motion for reconsideration and ordered him to pay the $96.00 filing fee within 30 days. In response, Brown filed a second motion for reconsideration of the trial court's March 2016 order denying him IFP status under Section 6602(f) of the PLRA. See O.R., Item No. 37. Brown's motion also sought recusal of Judge Toothman based on his alleged bias and lack of impartiality in this case. Id.

In the trial court's April 2016 order, Judge Toothman denied Brown's second motion for reconsideration/recusal and dismissed Brown's underlying action based on his failure to pay the $96.00 filing fee. See O.R., Item No. 36. The April 2016 order is central to the current controversy. Brown timely filed a notice of appeal and petition for leave to proceed IFP on appeal to this Court.

---

[2] Section 6602(f)(1) of the PLRA authorizes a trial court to dismiss a prisoner's *in forma pauperis* complaint concerning prison conditions if the prisoner previously filed prison conditions litigation and three or more of those civil actions were dismissed as frivolous. See Brown v. Pa. Dep't of Corr., 58 A.3d 118 (Pa. Cmwlth. 2012).

In July 2016, following Brown's appeal and while the matter remained in the trial court, Judge Toothman filed a *sua sponte* disqualification order.[3] Judge Toothman, citing Canons 2.11, 3.13, and 3.15 of the Code of Judicial Conduct, disqualified himself and ordered that all current and future matters concerning the case be referred to the trial court's Office of Court Administrator for assignment and reassignment.

Thereafter, The Honorable Louis Dayich (Judge Dayich) issued an order directing Brown to file a concise statement of errors complained of on appeal as required by Pa. R.A.P. 1925(b). O.R., Item No. 30. Judge Dayich also granted Brown IFP status solely for purposes of the appeal to this Court. In November 2016, Brown filed his concise statement of errors complained of on appeal. O.R., Item No. 31. In January 2017, the trial court issued its Pa. R.A.P. 1925(a) opinion and order stating the reasons for the court's April 2016 order denying Brown's motion for reconsideration/recusal. The trial court indicated that the reasons for the April 2016 order "appear of record." See Tr. Ct., Slip Op., 1/5/17, at 2.

Given the lack of any obvious explanation for Judge Toothman's actions, in Brown v. Wise & White I, we vacated the trial court's order and remanded for a more complete explanation of the reasons for Judge Toothman's denial of the motion for reconsideration/recusal and subsequent entry of a *sua sponte* disqualification order.

---

[3] As discussed hereafter, during this time Brown filed a separate civil action in the trial court against several employees of the Department of Corrections, Judge Toothman, Criminal Clerk Wise, and Prothonotary White. See Brown v. Zaken (Brown v. Zaken II), (Pa. Cmwlth. No. 1347 C.D. 2016, filed February 7, 2019, 2019 WL 470965 (unreported).

4

## B. Post-Remand

Following our remand, Judge Dayich noted Brown is a well-known abusive litigator as defined by the PLRA. See Tr. Ct., Slip Op., 11/8/17, at 1. Thus, Judge Dayich reasoned that the trial court's April 2016 order properly dismissed Brown's complaint based on his failure to pay the appropriate filing fees. Id. at 1-2.

With respect to Judge Toothman's denial of Brown's motion for recusal and subsequent disqualification order, Judge Dayich offered the following explanation:

> The instant Court did not preside over the above number and term until the *sua sponte* disqualification by [Judge Toothman]. As previously noted, [Judge Toothman] by order of April 25, 2016 denied recusal and by order dated June 30, 2016 *sua sponte* entered an order of disqualification.
>
> The instant Court is without information as to why [Judge Toothman's] *sua sponte* [o]rder of disqualification was entered. However, a review of the multiple filings by [Brown] indicates that [Brown] sued [Judge Toothman] as a [d]efendant and named him in a lawsuit … [See Brown v. Zaken (Brown v. Zaken II) (Pa. Cmwlth., No. 1347 C.D. 2016, filed February 7, 2019), 2019 WL 470965 (unreported)]. ([Judge Toothman's] Recusal in [Brown v. Zaken II] is attached hereto).
>
> A review of the instant file and a review of the file in which [Judge Toothman] was sued as a named [d]efendant [in Brown v. Zaken II], is likely the basis for the disqualification by [Judge Toothman] in the instant case.
>
> After review the Court finds no reason of record that a recusal was warranted on April 25, 2016 and the instant Court finds no reason to recuse itself in the above matter. With regard to any Motion to Recuse, which is now before

the Court on the remand, the Court is familiar with [Brown]. [Brown] sought recusal of the instant Court in various cases citing prior rulings adverse to [Brown]. However, mere rulings adverse to a party do not automatically permit the [d]efendant the ability to select a new Judge or warrant recusal.

Also, although the March 9, 2016, [o]rder seeking recusal was against [Judge Toothman], the Court wishes to take this opportunity to address any recusal as it relates to the instant Court.

In unrelated litigation, and on appeal, [Brown] raises a similar argument regarding recusal of the instant Court. Brown indicated the instant Court should recuse for intentional acts to prevent and/or delay and designed to cause [Brown] an unnecessary appeal and related fees and costs, and recently the Commonwealth Court returned a ruling that [rejected Brown's argument.] [Brown v. Blaine (Pa. Cmwlth., No. 1589 C.D. 2016, filed October 27, 2017), Slip Op. at 5, 2017 WL 4848942 at *3 (unreported)].

Id. at 5-7.

Citing our decision in Brown v. Blaine, Judge Dayich noted that unfavorable rulings do not form the basis for claims of bias and prejudice. Ultimately, in his November 2017 opinion and order, Judge Dayich: (1) denied Brown's motion for reconsideration; (2) denied Brown's motion for recusal; and (3) determined that Judge Toothman properly entered the disqualification order given the lawsuit Brown initiated against him. Tr. Ct., Slip Op., 11/8/17, at 7.

Thereafter, Brown filed a motion for final order alleging:

1. On August 25, 2017, the Commonwealth Court vacated this Court's dismissal order and remanded for further

6

> proceedings, while relinquishing jurisdiction. [Brown v. Wise & White I].
>
> 2. On November 8, 2017, [the trial court] issued an Order and Opinion specifically denying Reconsideration, but not addressing the procedural posture of the case. Thus, since the Commonwealth Court vacated the dismissal order, the case is still alive until closed by [the trial court]. And [Brown] is prevented from appealing until the Court specifically issue[s] an order closing the case.

Appellant's Mot. for Final Order; O.R., Item No. 15 (emphasis in original). In response, the trial court issued the January 2018 order acknowledging Brown's request for a final order. See O.R., Item No. 14. However, in its order, the trial court asserted that its November 2017 order constituted a final decision because it addressed all of the outstanding issues. As the trial court correctly observed, its November 2017 order denied Brown's motions for reconsideration and recusal. The trial court's order also determined that Judge Toothman properly entered the disqualification order given the lawsuit Brown initiated against him.

Nevertheless, our remand order in Brown v. Wise and White I vacated the trial court's April 2016 order in its entirety. In addition to denying Brown's motions for recusal and reconsideration, the April 2016 order also dismissed Brown's complaint in its entirety based on his failure to tender the required $96.00 filing fee. Yet, the trial court's November 2017 order did not specifically address Brown's failure to pay the required filing fee. As such, we will treat the trial court's January 2018 order, which plainly states the case is dismissed, as the final appealable order in this matter.

7

## II. Issues

Brown presents three issues for our review. Brown contends Judge Toothman abused his discretion by refusing to recuse before he issued the April 2016 order dismissing his complaint. Brown also asserts the trial court failed to file a sufficient Pa. R.A.P. 1925(a) opinion, which prejudiced himself and this Court. In addition, Brown maintains that the trial court erred in applying the three-strikes provision in the PLRA in this matter.

## III. Discussion
### A. Recusal
### 1. Argument

Brown first contends Judge Toothman abused his discretion by refusing to recuse himself from this case. When considering a recusal, Brown asserts, the inquiry is not whether the judge was in fact biased against the party moving for recusal, but whether, even if actual bias or prejudice is lacking, the conduct or statement of the court raises the appearance of impropriety. In the Interest of McFall, 617 A.2d 707 (Pa. 1992); Commonwealth v. Druce, 796 A.2d 321 (Pa. Super. 2002). Stated differently, the disqualification of a judge is mandated whenever a significant minority of the lay community could reasonably question the judge's impartiality. Druce. Therefore, because the integrity of the judiciary is compromised by the appearance of impropriety, recusal is necessary when the judge's behavior appears prejudicial or biased. Commonwealth v. Benchoff, 700 A.2d 1289 (Pa. Super. 1997). To that end, a trial judge should recuse himself whenever he believes his impartiality could be reasonably questioned. Commonwealth v. Perry, 364 A.2d 312 (Pa. 1976).

8

Here, Brown asserts Judge Toothman works daily with Court Employees, who are long-time court employees. Judge Toothman has direct control over Court Employees. Brown argues these facts alone should be sufficient to infer a close working relationship between Judge Toothman and Court Employees, which would include *ex parte* communications regarding this case. Therefore, Brown claims, any wrongdoing by Court Employees would reflect badly on Judge Toothman's supervisory responsibilities. As such, Brown maintains Judge Toothman has a personal interest in this case.

Brown further asserts that both judges' favoritism and loyalty to Court Employees can easily be seen in Judge Dayich's order explaining Prothonotary White's failure to transmit the record from the trial court to this Court upon receipt of a Pa. R.A.P. 1925(b) Statement as "inadvertent." See Tr. Ct. Order, 5/7/18 (O.R., Item No. 6). Thus, Brown maintains the trial court automatically excused Prothonotary White's attempt to sabotage his appeal.

Further, Brown claims Pennsylvania courts wrongly classify him as a frequent frivolous filer. Therefore, Brown asserts Judge Toothman denied his IFP status without providing any valid reasons for so doing. In light of his classification as a frequent frivolous filer, Brown contends that neither Judge Toothman nor Judge Dayich can be expected to throw Court Employees "under the bus," regardless of Brown's legal rights. See Appellant's Br. at 4.

Brown also contends that Judge Toothman's *sua sponte* disqualification after denying his motion for recusal indicates Judge Toothman abused his discretion.

Moreover, Brown asserts Judge Dayich's Pa. R.A.P. 1925(a) opinion regarding the trial court's April 2016 order falsely stated that the reasons for Judge Toothman's recusal appear of record. See O.R., Item No. 25.

Given these circumstances, Brown asserts a significant minority of the lay community could reasonably question Judge Toothman's impartiality in this case. Therefore, Brown contends Judge Toothman abused his discretion in denying Brown's motion for recusal.

## 2. Analysis

A judge's decision to deny a recusal motion is reviewed under an abuse of discretion standard. In re Lokuta, 11 A.3d 427 (Pa. 2011). The party seeking recusal bears the burden of presenting evidence to establish bias, prejudice or unfairness which raises a substantial doubt as to the judge's ability to preside in an impartial manner. Commonwealth v. White, 910 A.2d 648 (Pa. 2006). There is a presumption that the judge has the ability to determine if he can rule impartially and without prejudice. Lokuta. If the judge has any doubt as to his ability to be impartial, or whenever he believes his impartiality could be reasonably questioned, he must recuse. Commonwealth v. Goodman, 311 A.2d 652 (Pa. 1973).

Here, Brown, as the party seeking Judge Toothman's recusal from the case, had the burden of producing evidence of bias, unfairness or prejudice. Brown fails to meet this requirement. Brown bases his assertion of bias and lack of impartiality on Judge Toothman's direct control and close working relationship with Court Employees.

10

A working relationship, by itself, does not establish grounds for recusal. In Brown v. Zaken II, this Court rejected a similar challenge by Brown to Judge Toothman's impartiality in another case involving the same contentions against Court Employees. There, we noted that there was nothing in the record to suggest that Judge Toothman was biased. To that end, we recognized that whether a judge believes disqualification is required is a matter of discretion and conscience.

Here, we discern no abuse of discretion on the part of Judge Toothman in denying Brown's motion for recusal. Unfavorable rulings in prior cases do not constitute grounds for a claim of bias or prejudice. Brown v. Bradford, 194 A.3d 1141 (Pa. Cmwlth. 2018). As such, we reject Brown's claim that Judge Toothman's prior decisions dismissing Brown's prison litigation as frivolous prevent Judge Toothman from acting in an impartial manner.

Further, Judge Toothman's working relationship with Court Employees, by itself, does not constitute evidence of bias or prejudice. Brown v. Zaken II. In particular, the description in the May 2018 order of Prothonotary White's initial failure to transmit the record to Commonwealth Court as *inadvertent* does not reflect bias or partiality. That order clearly reflects that upon learning that Prothonotary White failed to transmit the record, Judge Dayich immediately directed Prothonotary White to transmit the record. See O.R., Item No. 6. Therefore, we detect no bias, prejudice or favoritism toward Prothonotary White on the part of either Judge Toothman or Judge Dayich related to the inadvertent delay in the transmittal of the record to this Court. Brown v. Zaken II.

11

In addition, we reject Brown's contention that Judge Toothman's *sua sponte* disqualification order established that Judge Toothman abused his discretion by denying the prior recusal motion. In his November 2017 order, Judge Dayich explained that a review of Brown's multiple filings in the trial court revealed that Brown filed a lawsuit naming Judge Toothman as a defendant. See Brown v. Zaken II.

Given these particular circumstances, we discern no abuse of discretion by Judge Toothman's April 2016 denial of Brown's motion for recusal and subsequent entry of a disqualification order. For these reasons, we hold that Brown's contention that Judge Toothman abused his discretion by denying Brown's motion for recusal fails. Brown v. Bradford; Brown v. Zaken II; Brown v. Blaine.[4]

## B. Pa. R.A.P. 1925(a) Opinion

## 1. Argument

Brown further contends the trial court failed to comply with the mandates of Pa. R.A.P. 1925(a), thereby prejudicing this Court and himself as the appellant. In his Rule 1925(a) opinion regarding the April 2016 order, Judge Dayich stated: "Upon review, [the trial court] finds that the reason for [the trial court's]

---

[4] We note that Brown argues in his appellate brief that Judge Dayich, the trial court's only other judge, must also be considered biased and prejudiced because of his working relationship with Court Employees, and that the case should be transferred to another district court. See Appellant's Br. at 4-5. However, Brown made no request that Judge Dayich recuse himself and failed to otherwise raise this issue before the trial court. Issues not raised in the trial court cannot be raised for the first time on appeal. See Pa. R.A.P. 302(a); Siegfried v. Borough of Wilson, 695 A.2d 892 (Pa. Cmwlth. 1997).

Further, even assuming a challenge to Judge Dayich's impartiality was properly before us, we ardently reject Brown's contention that Judge Dayich's working relationship, by itself, constitutes evidence of bias or prejudice. Brown v. Zaken II.

12

April 25th, 2016 [o]rder <u>appear of record</u> and [d]irects the Prothonotary to transmit the record accordingly." O.R., Item No. 25; Tr. Ct., Slip Op., 1/5/17, at 2 (emphasis added). Brown asserts the reasons for the April 2016 order dismissing his complaint do not appear of record. To the contrary, Brown argues the trial court failed to address the two issues he raised in his Rule 1925(b) statement of errors complained of on appeal: (1) whether the trial court erred in applying the PLRA in this case, which does not involve prison conditions; and (2) whether the trial court abused its discretion by failing to recuse before denying Brown IFP status.

Brown points out that Judge Toothman did not write a supporting opinion for his April 2016 order. Consequently, Brown argues that this Court, and himself as the appellant, can only speculate as to Judge Toothman's reasons for rulings and unusual behavior. <u>See</u> <u>Commonwealth v. DeJesus</u>, 868 A.2d 379 (Pa. 2005) (in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the case). Therefore, Brown requests that we remand the case to the trial court with directions that a proper Rule 1925(a) opinion be prepared.

## 2. Analysis

Rule 1925(a) provides in pertinent part:

**(a) Opinion in support of order.**

(1) *General Rule.*—Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not appear in the record, shall forthwith file of record at least a brief opinion of the

13

reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

If the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling.

Pa. R.A.P. 1925(a).

The requirements of Rule 1925(a) are satisfied when the trial court provides at least a short statement explaining the reasons for the ruling. In Brown v. Zaken (Brown v. Zaken I) (Pa. Cmwlth., No. 1347 C.D. 2016, filed September 21, 2017), 2017 WL 4171298 (unreported), we encountered a situation in which Judge Dayich failed to file a Rule 1925(a) opinion. This Court also determined that the reasons for the trial court's determination that Brown's complaint was frivolous under Section 6602(e)(2) of the PLRA, 42 Pa. C.S. §6602(e), did not readily appear of record. We reasoned that absent an explanation as to why Brown's complaint was frivolous, we could not conduct meaningful review of the trial court's order. Brown v. Zaken I. Accordingly, we remanded for a sufficient Rule 1925(a) opinion. Id.

In Brown v. Zaken II, Brown challenged the Rule 1925(a) opinion Judge Dayich filed after remand. Noting that the trial court explained that Brown's complaint was frivolous because it did not state a cognizable claim, we determined we were able to conduct appellate review of Brown's allegations of error.

14

Here, Judge Dayich's Rule 1925(a) opinion merely stated that the reasons for Judge Toothman's April 2016 order dismissing Brown's complaint appear of record. As explained below, we agree that Brown's failure to pay the $96.00 filing fee within the time ordered by Judge Toothman appear in the trial court's records.

In his March 2016 opinion and order denying Brown's first motion for reconsideration, Judge Toothman explained that Brown is properly deemed an abusive litigator under Section 6602(f)(1) of the PLRA, 42 Pa. C.S. §6602(f)(1) because he filed three or more civil actions involving prison conditions which have been dismissed as frivolous. See Tr. Ct., Slip Op., 3/9/16, at 2; O.R., Item No. 38. In Brown v. Levy, 73 A.3d 514 (Pa. 2013), our Supreme Court recognized that Brown "is a frequent filer of frivolous litigation in the Commonwealth and federal courts." Id. at 525 (footnote omitted). Consequently, in the present case, Judge Toothman directed Brown to pay the $96.00 filing fee within 30 days. Tr. Ct., Slip Op., 3/9/16, at 3. As noted above, in his April 2016 order, Judge Toothman ultimately dismissed Brown's complaint based on his failure to pay the filing fee.

In accord with our decision in Brown v. Zaken II, we hold Judge Dayich's Rule 1925(a) opinion is sufficient for appellate review of the merits of Brown's allegations of error. Therefore, we reject Brown's contention that the trial court failed to comply with the requirement of Pa. R.A.P. 1925(a).

15

## C. Prison Conditions Litigation

### 1. Argument

In his final argument, Brown contends Judge Toothman erred in applying the three-strikes rule in Section 6602(f)(1) of the PLRA in this case because his complaint raises due process and equal protection claims based on allegations that Court Employees refused to file his pleadings and reply to his correspondence. Brown asserts his complaint sought mandamus, injunctive and declaratory relief preventing Court Employees from refusing to file future pleadings in violation of his federal and state constitutional rights.

### 2. Analysis

In Brown v. Zaken II, we addressed and rejected practically identical issues raised by Brown regarding Court Employees' handling of pleadings and documents he submitted to the trial court. In so doing, we reasoned (with emphasis added):

> Brown argues that his suit against Court Employees is not prison conditions litigation because the claims relate to the denial of access to the court. Brown Supplemental Brief at 4. We disagree. Brown's claims against Court Employees relate to their actions in handling a prior prison conditions complaint filed in Greene County. Brown seeks a writ of mandamus compelling Court Employees to process his 'notice of appeal and related filings[.]' Complaint at 11, §1. In Brown v. Levy, 73 A.3d at 519 (Pa. 2013), our Supreme Court held that a 'mandamus petition to force acceptance of a complaint about prison conditions is itself prison condition[s] litigation within the meaning of the statute; it relates directly to an underlying complaint regarding prison conditions litigation.' For the

16

> same reason, Brown's complaint against Court Employees constitutes prison conditions litigation.

Brown v. Zaken II, Slip Op. at 7, n.13, 2019 WL 470965, at *4, n.13.

In short, we view our Supreme Court's decision in Brown v. Levy as controlling and this Court's decision in Brown v. Zaken II as persuasive[5] regarding the issue of whether the trial court properly deemed Brown's complaint in the present case as prison conditions litigation for purposes of dismissal under the three-strikes rule. Therefore, we reject Brown's contention that the trial court erred in applying Section 6602(f)(1) of the PLRA in this case. Brown v. Levy; Brown v. Zaken II.

## IV. Conclusion

For the above reasons, we affirm the trial court's dismissal of Brown's complaint.

_____
ROBERT SIMPSON, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[5] This unreported case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                    :
                              Appellant           :
                                                   :
              v.                                   :     No. 241 C.D. 2018
                                                   :
Sherry Wise and Susan White                        :

# **O R D E R**

**AND NOW**, this 26th day of August 2019, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Greene County is **AFFIRMED**.


                                    _____
                                    ROBERT SIMPSON, Judge