# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                  :
                                                 :
                    Appellant                    :
                                                 :
         v.                                      : No. 1381 C.D. 2017
                                                 : Submitted: May 11, 2018
                                                 :
Kevin R. Bradford, et al.                        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
SENIOR JUDGE COLINS                          FILED:  September 25, 2018


         Alton D. Brown (Brown), an inmate at the State Correctional Institution at Greene (SCI-Greene), appeals *pro se* from the August 22, 2017 order of the Court of Common Pleas of Greene County (Trial Court) dismissing his complaint dated April 3, 2017. For the reasons set forth below, we affirm.

         In 2017, Brown filed the complaint *sub judice* against Kevin R. Bradford, an attorney with the Pennsylvania Office of the Attorney General (Defendant Bradford), various guards, officers and employees of the Pennsylvania Department of Corrections (DOC) (collectively, DOC Defendants), various judges and employees of the First Judicial District (FJD) in Philadelphia (FJD Defendants), and the Philadelphia law firm of Dugan, Brinkmann, Maginnis, and Pace (Law Firm

Defendant).[1]   In his complaint, Brown alleges, *inter alia*, that DOC Defendants engaged in a conspiracy with FJD Defendants to sabotage a malpractice suit he filed in the FJD against Law Firm Defendant. The malpractice action filed in the FJD resulted in a judgment *non pros* that was affirmed by this Court in *Brown v. Dugan, Brinkmann, Maginnis and Pace, and John D. Brinkmann*, (Pa. Cmwlth., No. 37 C.D. 2017, filed December 15, 2017).   That lawsuit had alleged that Brown's attorneys at Law Firm Defendant committed malpractice in the federal courts in their handling of a civil rights lawsuit he filed in 2007 relating to medical conditions caused by an inadequate ventilation system and environmental tobacco smoke (ETS) within DOC. Brown asserts that he filed the complaint at issue here in Greene County because "the cause of action (sabotaging of trial on 10/19/16, *inter alia*) arose at SCI-Greene (Main), the majority of the transactions or occurrences averred in the complaint took place there, and the majority of the Appellees are located in Greene County…" and further asserts that his attempts to file the complaint in Philadelphia County have twice been rejected.[2]  (Brown's Rely Brief at 3.)

Additionally, embedded in the complaint is the malpractice action Brown brought previously against Law Firm Defendant in the FJD, including a recounting of the history of Law Firm Defendant's representation in his prison conditions lawsuit, its alleged failure to properly investigate that lawsuit, and its rationale for recommending that he withdraw the suit as not viable.[3]  Brown sets forth in detail the evidence, allegedly ignored and/or suppressed by Law Firm

---

[1] Neither Law Firm Defendant nor Defendant Bradford participated in the appeal.

[2] In fact, 9 of the 17 named defendants in Brown's complaint are outside Greene County.

[3] According to Brown, he allowed the Law Firm Defendant to withdraw from the ETS litigation in 2013, and continued its prosecution *pro se*.  (Record (R.) Item 20, Complaint ¶ 33.)

2

Defendant, that he asserts support his ETS claims. He incorporates by reference proceedings and documents pertaining to his prison conditions litigation. According to Brown, as a direct result of Law Firm Defendant's malpractice and subsequent sabotage of his attempt to prosecute the case, his chronic medical conditions caused by the prison environment have been aggravated.

Brown asserts that the named parties conspired to sabotage the malpractice lawsuit he filed in FJD. Brown states that Law Firm Defendant used its "wealth, superior knowledge, court contacts and [DOC Defendants] to sabotage his malpractice prosecution," and that its acts were motivated by its "[r]ight wing ideology, [its] desire to please the conservative Republican Judges who controlled the District Court at the time, and support the Attorney General's Office in Philadelphia." (Record (R.) Item 20, Complaint ¶ 51.) With no facts whatsoever, Brown alleges that Defendant Bradford was the "middle man" between Law Firm Defendant and DOC Defendants and persuaded Law Firm Defendant to sabotage his prison conditions case. He asserts that a practice exists in FJD of allowing its unscrupulous support staff to supplement its income by catering to wealthy attorneys in a scheme to disadvantage *pro se* prisoners. He alleges FJD Defendants delayed and rejected pleadings in his malpractice lawsuit, denied motions, interfered with a case management conference, breached their duty to train and supervise FJD staff, and erroneously entered the judgment of *non pros.*

Brown alleges that DOC Defendants denied him access to material he needed to prosecute the malpractice lawsuit and falsely claimed that he refused to attend his trial. Their motive in preventing prosecution of the malpractice case, according to Brown, was prevention of any litigation of the merits of his prison conditions lawsuit. In addition to the civil conspiracy to sabotage his malpractice

case, he alleges the denial of his access to courts and of due process, as well as retaliation, by both DOC Defendants and FJD Defendants. Brown seeks an injunction preventing the sabotage of any matters he may bring in FJD in the future, including sabotage by DOC Defendants, as well as a declaratory judgment that the acts of the collective defendants violated his constitutional rights. (*Id*.)

By its June 15, 2017 Decision and Order, the Trial Court deemed the issues set forth in the complaint to be related to prison conditions and found Brown to be an abusive litigator,[4] therefore denying him *in forma pauperis* (IFP) status and granting him thirty days within which to pay the requisite filing fees. (R. Item 20, 6/15/17 Trial Court Opinion and Order.) The Trial Court further found no credible allegation that Brown was in imminent danger of bodily harm and in need of injunctive relief and that he therefore failed to meet the exception contemplated by Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(f).[5] (*Id*.) Brown failed to pay the filing fee, and on August 22, 2017, the Trial Court dismissed the complaint.

In its opinion, the Trial Court explained that the various allegations made in Brown's complaint relating to malpractice in the handling of his "prison

---

[4] Section 6602(f)(1) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(f)(1), entitled "Abusive Litigation," authorizes a trial court to dismiss "prison conditions litigation" filed by a prisoner if: (1) that prisoner has filed prior "prison conditions litigation" and (2) three or more of those actions have been dismissed under Section 6602(e)(2) of the PLRA for being "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted…". 42 Pa. C.S. § 6602(e)(2), 6602(f)(1). Section 6602(f) of the PLRA is commonly referred to as the "three strikes rule," pursuant to which a trial court may dismiss a prisoner's *in forma pauperis* complaint where the prisoner has a history of filing frivolous litigation. *Jae v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth.), *appeal denied*, 959 A.2d 930 (Pa. 2008).

[5] Section 6602(f) of the PLRA states that a court shall not dismiss a request for preliminary injunctive relief or a temporary restraining order that makes a credible allegation that a prisoner is in imminent danger of serious bodily injury. 42 Pa. C.S. § 6602(f).

4

conditions" civil rights litigation were in fact issues related to prison conditions. (*Id.*) The Trial Court noted its right under Section 6602(e)[6] of the PLRA to dismiss prison conditions litigation at any time upon a determination that the prison conditions litigation is frivolous or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense that would preclude the relief. The Trial Court concluded that in addition to being an abusive litigator, Brown had also failed to state a claim with regard to alleged malpractice by his court-appointed attorneys in the civil litigation in federal court. (*Id.*) The Trial Court was persuaded by Law Firm Defendant's rationale for determining that Brown's prison conditions lawsuit was not viable, as set forth by Brown in paragraph 32 of his complaint. (*Id.*)

Brown unsuccessfully sought reconsideration of the Trial Court's order denying IFP status, and further requested recusal and a hearing on his request. (R. Items 18-19, Motion for Reconsideration of June 15, 2017 Order, Motion for Recusal.) Brown argued that the numerous claims he has made in the past against various judges of the Trial Court make the issuance of a fair determination impossible. The Trial Court found no basis for its recusal nor for a hearing on the matter and denied Brown's motions. (R. Item 17, July 12, 2017 Order.) In response to Brown's appeal, the Trial Court filed an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. (R. Item 6, Statement Pursuant to Pa. R.A.P. 1925.) Quoting its language in an October 2, 2017 order issued in an unrelated case involving Brown, the Trial Court explained that it had no personal

---

[6] Section 6602(e) of the PLRA states, in relevant part, that the court shall dismiss, at any time, prison conditions litigation if it determines that "the prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa. C.S. § 6602(e).

recollection of assertions made by Brown regarding past instances where Brown was before the Trial Court, nor did it believe there was any reason to recuse itself. (*Id*.) Before this Court,[7] Brown argues that the Trial Court erred (i) in failing to recuse, and (ii) in its application of the "three strikes rule." Neither of his arguments has merit.

Our Supreme Court has established that unfavorable rulings do not form the basis for a claim of bias and prejudice. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 90 (Pa. 1998); *see also Commonwealth v. Boyle*, 447 A.2d 250, 252 (Pa. 1982). A recusal is required only where the party requesting recusal establishes that there is a substantial doubt as to the jurist's ability to preside impartially. *Boyle*, 477 A.2d at 252. Brown has utterly failed to establish such substantial doubt. There is nothing in the record to establish any basis for the Trial Court's recusal.

Regarding Brown's second argument that the Trial Court erred in applying the "three strikes rule" to deny him IFP status, we do not accept Brown's contention that his claims do not involve prison conditions, but rather involve "judicial proceedings," and that the application of the "three strikes rule" was improper because Law Firm Defendant is not "a government party." "Prison conditions litigation" is defined in the PLRA as:

> [a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions of a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings challenging the fact or duration of confinement in prison.

---

[7] "Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Brown v. Beard*, 11 A.3d 578, 582 n.5 (Pa. Cmwlth. 2010)

42 Pa. C.S. § 6601. Brown overlooks the disjunctive "or" in Section 6601, which provides two separate ways in which a civil proceeding can be considered prison conditions litigation. Thus, an action that arises in part out of conditions of confinement constitutes prison conditions litigation regardless of whether the defendants are all government parties. His claims allege that Law Firm Defendant's malpractice caused aggravation of his prison-related medical condition. Moreover, Brown's allegations of malpractice reiterate and attempt to re-litigate the issue of those conditions and their effect on his well-being. This action therefore falls squarely within the statutory definition of "prison conditions litigation."

In addition, we note that a substantial portion of Brown's allegations of conspiracy involve the DOC employees' attempts to "set the stage that would allow them to falsely claim that [Brown] refused to attend the 10/19/16 trial, involving [Defendant Bradford] via his unknown contacts, [various DOC Defendants], [Law Firm Defendant]'s unknown courthouse contact and saboteur, [other DOC Defendants], and those unknown parties working in concert with them." (R. Item 20, Complaint ¶ 70(xvii).)[8] Clearly, these actions are those of government parties

---

[8] As noted above, this Court has previously ruled that the trial court did not err when it entered a judgment of *non pros* as to Brown's malpractice claim, stating:

> [T]he above testimony is record evidence to support the trial court's conclusion that Brown refused to participate in the proceedings on October 19, 2016. Given that Brown also did not appear at the first scheduled trial on April 18, 2016 after his request for a continuance prior thereto was denied, and that the trial court had already entered and removed a non pros when Brown failed to make the necessary arrangements to participate at the first trial, we find no basis upon which to conclude that the trial court abused its discretion in granting the current judgment of non pros for Brown's failure to prosecute his action.

7

affecting Brown's life while confined in prison and as such, fall within the definition of prison conditions litigation. *Brown v. Levy*, 73 A.3d 514, 518 (Pa. 2013) ("Appellee argues his action merely concerns the fact that the prothonotary denied him access to court, and has no effect on his life in prison …[W]e agree with the prothonotary that a petition for writ of mandamus against the prothonotary may constitute prison conditions litigation and may be subject to the three strikes rule."). It is undisputed that Brown qualifies as an abusive litigator.[9]

In addition, Brown's claims against FJD Defendants are barred by immunity. 42 Pa. C.S. §§ 8501-8550. Indeed, beyond immunity, we note that there are other independent grounds under Pa. R. C. P. No. 240(j)[10] for the denial of his IFP status, and for the dismissal of his complaint upon failure to pay the required

---

*Brown v. Dugan* (Pa. Cmwlth., No. 37 C.D. 2017, filed December 15, 2017), slip op. at 9.

[9] In *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118 (Pa. Cmwlth. 2012), this Court summarized Brown's prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement, quoting this Court's decision in *Brown v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12 n.7:

> Our research has shown that Brown has filed well over twenty *pro se* matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments. The matters have been filed in various Courts of Common Pleas, this Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury.

58 A.3d at 121 (citations omitted).

[10] "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to file *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding, or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa. R. C. P. No. 240(j)(1).

8

fees. Brown describes as the gravamen of his claims the intentional sabotage of his attempts to prosecute the malpractice case; he asserts that the unspecified actions and inactions of both DOC Defendants and FJD Defendants, bolstered by Law Firm Defendant, resulted in the judgment of *non pros*. (Brown's brief at 7.) As previously noted, this Court has ruled that the trial court in FJD did not err when it entered a judgment of *non pros* as to Brown's malpractice claim, and Brown is collaterally estopped from doing so here.[11]

Accordingly, having determined that the Trial Court did not err in dismissing Brown's complaint and denying him IFP status, we affirm the Trial Court's August 22, 2017 order.

_____
JAMES GARDNER COLINS, Senior Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[11]Finally, Brown has also filed an application for special relief, requesting that the case be remanded to the Trial Court with instructions to file a more detailed Rule 1925(a) opinion. This application is denied.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                :
                                               :
              Appellant                        :
                                               :
        v.                                     : No. 1381 C.D. 2017
                                               :
                                               :
Kevin R. Bradford, et al.                      :


# **O R D E R**


AND NOW, this 25th day of September, 2018, the August 22, 2017 order of the Court of Common Pleas of Greene County dismissing Appellant Alton D. Brown's complaint dated April 3, 2017 is AFFIRMED. Appellant's Application for Special Relief is DENIED.


_____
JAMES GARDNER COLINS, Senior Judge