IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer,                 :
                                    :
            Appellant   :
                                      :
        v.                  : No. 471 C.D. 2019
                                    : Submitted: January 17, 2020
Global Tel Link Corporation   :

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                 **FILED: April 27, 2020**

Caine Pelzer (Inmate) appeals the order of the Fayette County Court of Common Pleas (trial court) denying his motion to proceed *in forma pauperis* (IFP),[1] and dismissing Inmate's complaint within 30 days in the absence of his payment of the filing fees and the class action count of Inmate's complaint, based upon the court's determination that Inmate is an "abusive litigator" under the provisions of Section 6602(f)(1) of the Prison Litigation Reform Act (PLRA),[2] commonly known as the "three strikes rule." We affirm.

---

[1] Pa. R.C.P. No. 240(j)(1) states, in relevant part, "If, simultaneous with the commencement of an action or proceeding . . . a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action . . . if it is satisfied that the action . . . is frivolous."

[2] 42 Pa. C.S. §6602(f)(1). Subsection (f)(1) states, in pertinent part:

> If the prisoner has previously filed prison conditions litigation and [] three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2) [(relating to the filing of prison conditions litigation that is frivolous or malicious or fails to state a

**(Footnote continued on next page…)**

Inmate is housed at the State Correctional Institution at Fayette. On March 7, 2019, he filed a four-count complaint against Global Tel Link Corporation (GTL) relating to a tablet that he and other prisoners purchased from GTL. In the complaint, he asserted fraud and breach of contract claims, including a class action claim based on unfair trade practices, consumer protection law violations, fraud, false advertising, misrepresentation, negligence, and interference with contractual relations. That same day, Inmate filed a motion to proceed IFP in the trial court. On April 8, 2019, the trial court filed the instant order denying Inmate's motion to proceed IFP, dismissing the complaint within 30 days in the absence of his payment of the filing fees, and dismissing the class action count of the complaint. Inmate then filed this appeal of the trial court's order,[3] and the trial

---

**(continued…)**

> claim upon which relief may be granted or in which the defendant may assert a valid affirmative defense precluding relief),] the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

"Section 6602(f) is commonly referred to as the 'three strikes rule,' pursuant to which a trial court may dismiss a prisoner's [IFP] complaint where the prisoner has a history of filing frivolous litigation." *Brown v. Bradford*, 194 A.3d 1141, 1145 n.4 (Pa. Cmwlth. 2018) (citation omitted).

[3] "Appellate review of a decision dismissing an action pursuant to Pa. R.C.P. No. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (citations omitted).

court issued an order stating that it was relying on its April 8, 2019 order and that no further opinion would be issued. *See* Trial Court 6/18/2019 Order.

On appeal,[4] Inmate first claims that the trial court abused its discretion in dismissing the first two counts of the complaint against GTL sounding in fraud and breach of contract under Section 6602(f)(1) of the PLRA because no civil rights claims are raised, and no governmental party is being sued. Specifically, Inmate asserts that, at a minimum, the trial court should have conducted a hearing or explained in an order or opinion why Inmate does not fall within an exception to the "three strikes rule" of the PLRA or how the instant contract action constitutes "prison conditions litigation" under the PLRA.

However, Section 6601 of the PLRA defines "prison conditions litigation," in relevant part, as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement *or* the effects of actions by a government party on the life of an individual confined in prison," 42 Pa. C.S. §6601 (emphasis added). Counts I and II of the complaint allege,[5] in relevant part:

> 26. Upon information and belief, GTL is illegally using a third-party beneficiary to interfere with business licenses and contracts.

---

[4] On December 23, 2019, GTL indicated that it did not participate below and will not participate in this appeal.

[5] As the Pennsylvania Supreme Court has explained, "Pennsylvania is a fact-pleading state. 'At a minimum, a pleader must set forth concisely the facts upon which his cause of action is based.' The complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim." *McShea v. City of Philadelphia*, 995 A.2d 334, 339 (Pa. 2010) (citations omitted).

3

27. Upon information and belief [the Pennsylvania Department of Corrections (DOC)] is acting as an agent of [GTL] even though the [DOC] is immune from liability or acted and continues to act at [GTL's] instance.

28. Upon information and belief, GTL and third-party actors continue to benefit substantially in [the] millions of dollars from an increase in prisoners being enrolled in the tablet program and being prevented from asserting their rights as a consumer.

29. Upon information and belief, [GTL] engaged the [DOC] in contracts that conflict with the Terms and Agreement set out to [Inmate] and similarly situated prisoners.

30. As a matter of law and upon information and belief [GTL] made the [DOC] direct beneficiaries of the tablet program resulting in kickbacks when GTL makes over $4.3 million in revenue.

31. Upon information and belief, GTL knows that the [DOC] has no policy governing the tablet program.

\* \* \*

43. [GTL] is fraudulently and deceptively selling defective products (GTL Tablets) to prisoners such as [Inmate] and similarly situated individuals, then absolving [itself] from liability through agreements prisoners in PA don't know they entered into due to third-party interference.

\* \* \*

51. [GTL], its partners, affiliates, agents, subsidiaries/agents, employees or representatives fraudulently sold a GTL Tablet to [Inmate] and similarly situated prisoners in Pennsylvania with the intent of defrauding [Inmate] of the tablet's quality, capability, operation and performance of the software and equipment.

4

* * *

54. [GTL] has contracted with both [Inmate] and similarly situated prisoners and the [DOC], a third-party entity that GTL knows is a part of the executive branch of the Commonwealth and is immune from being sued in this context[.]

* * *

56. [GTL] then provides the GTL tablet to the [DOC, which] syncs the tablet and withholds the tablet from [Inmate] and similarly situated prisoners which is done at the direction of GTL to interfere with prospective contractual relations between GTL and prisoners enrolled as consumers.

57. [GTL] provides the [DOC] with annual revenue for music, e-messaging, games, lobby deposit fees and e-books up to $4,350,000 in commission per month which continually increases in commission when revenue per month reaches $4,850,000 and beyond.

58. [GTL's] own language of [its] contractual relations state[s,] "YOU ACKNOWLEDGE AND AGREE THAT THE FACILITY, AND NOT GTL, WILL BE RESPONSIBLE FOR DETERMINING WHETHER YOUR GTL DEVICE WILL BE RETURNED TO YOU FOLLOWING YOUR RELEASE OR TRANSFER FROM THE FACILITY. . . ."

59. [GTL's] own language of [its] contractual relations state[s,] "THERE IS A RISK THAT YOUR GTL DEVICE WILL NOT BE RETURNED TO YOU BY THE FACILITY. . . ."

* * *

61. [GTL] created incentives for the [DOC], an immune third party to stop [Inmate] and similarly situated prisoners from doing business with GTL, includ[ing] the following:

5

(a) Directing the [DOC] to withhold tablets after prisoners purchased them to toll contractual timeframes;

(b) [GTL's] failure to provide policies stopping the [DOC] from interfering with business relations of [Inmate] and [GTL];

(c) Failure to remove specific language enabling the [DOC] to prevent [Inmate] and similarly situated prisoners from having their GTL Tablets once the Tablets are purchased;

(d) [GTL's] failure to stop the [DOC] from keeping [Inmate] and similarly situated prisoners away from kiosk machines to enter timely tickets, or tickets whatsoever;

* * *

(f) [GTL's] failure to inform [Inmate] and similarly situated prisoners of the [DOC's] possible interference before [GTL] tablets were purchased;

(g) [GTL's] failure to inform [Inmate] and similarly situated prisoners of the existing conflict of interest between the [DOC's] lucrative kickbacks and [Inmate's] rights as [a] consumer[] which was orchestrated by GTL;

(h) [GTL's] directing the [DOC] to intercept incoming and outgoing e-mails of [Inmate] and similarly situated prisoners discussing personal business deals without notification;

(i) [GTL's] collectively directing the [DOC] through acts or omissions to engage in conduct that prevents [Inmate] and similarly situated prisoners from asserting rights regarding the tablet program, including services purchased through the same.

Complaint ¶¶26-31, 43, 51, 54, 56-59, 61(a)-(d), (f)-(i).

Based on the foregoing, it is clear that Inmate bases liability in Counts I and II, at least in part, on the actions of the DOC and its employees at the

6

facilities in which he has been housed acting in concert with GTL. In asserting his claim in this appeal, Inmate "overlooks the disjunctive 'or' in [S]ection 6601, which provides for two separate ways in which a civil proceeding can be considered prison conditions litigation." *Brown v. PA. Dept. of Corrections*, 58 A.3d 118, 124 (Pa. Cmwlth. 2012). "The first is where the lawsuit involves 'the conditions of confinement,' and the second concerns actions by a 'government party' that affect a prisoner." *Id.*

Likewise, as alleged herein, Inmate's fraud and contract claims raised in Counts I and II are based, in part, on the actions of the DOC and its employees. These allegations are clearly encompassed within "the effects of actions by a government party on the life of an individual confined in prison" portion of the definition of "prison conditions litigation" contained in Section 6601 of the PLRA. *See, e.g.*, *Brown v. Bradford*, 194 A.3d 1141, 1146 (Pa. Cmwlth. 2018) ("Clearly, these actions are those of government parties affecting [the inmate's] life while confined in prison and as such, fall within the definition of prison conditions litigation."). Moreover, it is undisputed that Inmate qualifies as an abusive litigator.[6] As a result, Counts I and II of Inmate's complaint fall squarely within that definition and the "three strikes rule" of Section 6602(f)(1), and the trial court did not abuse its discretion in denying his application for IFP status with respect to these counts on this basis.[7]

---

[6] *See, e.g.*, *Pelzer v. Wolf* (Pa. Cmwlth., No. 472 C.D. 2019, filed March 9, 2020), slip op. at 3 ("On April 8, 2019, the trial court denied [Inmate's] motion because it determined he was an 'abusive litigator.' In reaching its decision, the trial court relied on *Pelzer v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 309 C.D. 2017, filed October 16, 2017) [] in which this Court concluded [Inmate] was an abusive litigator.").

[7] As this Court has stated:
**(Footnote continued on next page…)**

Inmate next claims that the trial court abused its discretion in denying his motion for IFP status without inquiring into whether he could pay to prosecute the case. Again, Inmate asserts that "at a minimum, the Court should have either conducted a hearing or explained in an order or an opinion that [Inmate] does not fit into an exception of the PLRA three strikes rule or why the trial court seemingly deemed a complaint regarding contract claims 'prison conditions litigation.'" Brief of Appellant at 10. However, as outlined above, Counts I and II of Inmate's complaint clearly fall within the "three strikes rule" of Section 6602(f)(1) of the PLRA and the trial court did not abuse its discretion in dismissing the complaint on this basis.

Finally, Inmate claims that the trial court abused its discretion in dismissing the class action claim in Count III of the complaint prior to a motion for certification of the class. However, as this Court has explained:

---

**(continued…)**

> Under [S]ection 6602(f)(1) of the [] PLRA, commonly referred to as the "three strikes rule," a court can revoke a plaintiff's [IFP] status if the plaintiff filed three or more civil actions involving prison conditions and these civil actions have been dismissed as frivolous or malicious or for failure to state a claim. When a plaintiff's [IFP] status is revoked, a court may dismiss the plaintiff's complaint if the plaintiff thereafter fails to pay the filing fees and costs associated with the litigation. Because [the inmate] already has "three strikes" for purposes of the [] PLRA, the only way [that] he can avoid [the] revocation of his [IFP] status is if his complaint seeks injunctive relief and sets forth "a credible allegation that [he] is in imminent danger of serious bodily injury."

*Brown*, 58 A.3d at 121 (citations and footnote omitted). Inmate does not seek injunctive relief in the instant matter and there is no allegation that he paid the required filing fees and costs associated with this litigation.

8

> [T]he federal courts in addressing substantially similar class action requirements have held that a prisoner proceeding *pro se*, such as [the inmate], may not commence a class action lawsuit. *See, e.g.*, *Awala v. New Jersey* [*Department*] *of Corrections*, 227 [F. App'x] 133, 134 (3d Cir. 2007) (affirming the District Court where the District Court dismissed [the inmate's] complaint and amended complaint under 28 U.S.C. §§1915(e)(2)(B) & 1915A(b) concluding that a *pro se* prisoner without formal training in the law would not be able to adequately represent the interests of the class and maintain the suit as a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D. N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). Hence, any putative class action claims should be dismissed.

*Mobley v. Coleman*, 65 A.3d 1048, 1050 n.1 (Pa. Cmwlth. 2013). As a result, the trial court also did not abuse its discretion in dismissing Count III of Inmate's complaint.

Accordingly, the trial court's order is affirmed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer,                          :
                                       :
                    Appellant          :
                                       :
          v.                           :  No. 471 C.D. 2019
                                       :
Global Tel Link Corporation            :

**PER CURIAM**

O R D E R

AND NOW, this 27th day of April, 2020, the order of the Fayette County Court of Common Pleas dated April 8, 2019, is AFFIRMED.