# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton Brown, :
:
:
Appellant :
:
v. : 1170 C.D. 2019
: Submitted: February 6, 2024
Eileen W. Behr, Mark Barbee, and :
Mark Levy :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                          FILED: March 11, 2024


Alton Brown (Inmate or Appellant), an inmate at the State Correctional Institution at Fayette (SCI-Fayette), appeals *pro se* from the Order of the Montgomery County (County) Court of Common Pleas (trial court) granting the Motion for Summary Judgment (Summary Judgment Motion) filed by Eileen W. Behr, the County's former sheriff, Mark Barbee, the County's prothonotary, and Mark Levy, a former supervisor in the prothonotary's office (collectively, Defendants or Appellees), in response to Inmate's Petition for Writ of Mandamus (Mandamus Petition). We affirm.

On October 16, 2015, Inmate filed the Mandamus Petition seeking to compel Defendants to perform their respective legal duties regarding service of original process, and to perform mandatory ministerial duties regarding docketing and entering filings, with respect to six civil actions that Inmate commenced in the trial court. Original Record Docket Entry (OR Dkt.) #0. On December 16, 2015,

Defendants filed a Motion to Dismiss Petition for Mandamus pursuant to Section 6602 of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §6602 (Motion to Dismiss I).[1]  OR Dkt. #5.  On December 28, 2017, Defendants filed a Motion to Dismiss Petition for Writ of Mandamus (3 Strikes) (Motion to Dismiss II).  OR Dkt. #71.  In addition, on January 12, 2018, Defendants filed their Summary Judgment Motion.  OR Dkt. #74.

On June 12, 2019, the trial court issued an order that stated, in relevant part:

> [U]pon consideration of Defendants' Motion to Dismiss [I], filed on 12/16/15 ([OR Dkt.] #5); Defendants' Motion to Dismiss [II], filed on 12/28/17 ([OR Dkt.] #71); Defendants' [Summary Judgment Motion], filed 1/12/18 ([OR Dkt.] #74); and [Inmate's] Answer/Response filed on 2/11/19 (OR Dkt. #112), and Argument held on May 17, 2019, by Video Conference **via** link with [SCI-Fayette], it is hereby **ORDERED** and **DECREED** that Defendants' [Summary Judgment Motion] is **GRANTED**. Defendants' Motion to Dismiss [II] is **DISMISSED as MOOT** in view of the [c]ourt's ruling on Defendants' [Summary Judgment Motion].
>
> It is further **ORDERED** that [Inmate's] Motion to Strike Defendants' Preliminary Objections and Motion for Summary Judgment, filed on 5/28/19 and 6/3/19 ([OR Dkt.] #123, #124, #125) are **DENIED**.

Trial Ct. 6/12/19 Order (emphasis in original).  On August 14, 2019, Inmate filed this appeal from the trial court's order.[2]

---

[1] The provisions of Section 6602 of the PLRA apply to the instant Mandamus Petition. *Brown v. Levy*, 73 A.3d 514, 517-20 (Pa. 2013).

[2] On December 5, 2019, this Court issued an Order in which we noted that the instant appeal appeared to be untimely and directed the parties to address this issue in their principal briefs on the merits. *See, e.g.*, Section 5571(b) of the Judicial Code, 42 Pa. C.S. §5571(b) ("[A]n appeal **(Footnote continued on next page…)**

On appeal,[3] Inmate claims: (1) the trial court erred in granting Defendants' Summary Judgment Motion because there were relevant outstanding motions; (2) Defendants' sabotage of his attempts to file an Amended Complaint constitute a violation of due process; (3) his appeal to this Court was timely;[4] and (4) he cannot obtain a fair trial or adjudication in the County.[5]

---

. . . from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."); Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Subsequently, on August 15, 2023, we issued a Memorandum Opinion and Order retaining jurisdiction and remanding this matter to the trial court to determine whether the instant appeal was timely; directing the trial court to conduct an evidentiary hearing, if necessary, and issue a Supplemental Opinion on the issue of timeliness; and directing the trial court to file a Supplemental Record including a number of filings that had been omitted from the Original Record that was lodged in this Court. *See Brown v. Behr* (Pa. Cmwlth., No. 1170 C.D. 2019, filed August 15, 2023). The trial court conducted an evidentiary hearing and lodged a Supplemental Opinion in which it determined that the instant appeal was timely. The trial court also lodged a Supplemental Record in this Court containing the missing docket entries. As a result, the above-captioned appeal is ripe for our disposition.

[3] As this Court has observed:

> Our standard of review on appeal from the grant or denial of summary judgment is *de novo*, and our scope of review is plenary. Our review is limited to determining whether the trial court committed an error of law or abuse of discretion. Summary judgment is only appropriate where, upon examination of the record in the light most favorable to the nonmoving party, no genuine issue of material fact exists[,] and the moving party is clearly entitled to a judgment as a matter of law.

*Clean Air Council v. Sunoco Pipeline L.P.*, 185 A.3d 478, 485-86 (Pa. Cmwlth. 2018) (citations omitted).

[4] *See supra* note 2.

[5] To the extent that any of Inmate's claims were not properly raised or preserved in the trial court, they have been waived for purposes of appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in **(Footnote continued on next page…)**

3

However, after reviewing the Original Record, Inmate's appellate brief, and the relevant case law, we conclude that the foregoing appellate issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Steven C. Tolliver, Sr. Accordingly, we affirm the trial court's Order on the basis of his Opinion in the matter of *Brown v. Behr* (C.P. Mont., No. 2015-27538, filed November 19, 2019).

---

the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement [of Errors Complained of on Appeal] . . . are waived."); Pa.R.A.P. 2117(c) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify[.]"); Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton Brown,                                  :
                                              :
                Appellant                     :
                                              :
        v.                                    : 1170 C.D. 2019
                                              :
Eileen W. Behr, Mark Barbee, and              :
Mark Levy                                     :

**PER CURIAM**

# **O R D E R**

        AND NOW, this 11<u>th</u> day of <u>March</u>, 2024, the order of the Montgomery County Court of Common Pleas dated June 12, 2019, is AFFIRMED.

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

ALTON BROWN                                    :          No.  2015-27538

V.                                             :   *Commonwealth Court No. 1170CD 2019*

EILEEN WHALON BEHR                             :
MARK BARBEE
MARK LEVY                                      :


**TOLLIVER, J.**                                              **NOVEMBER 19, 2019**

## OPINION

### Introduction and Procedural History

Presently before the Court is Appellant Alton Brown's appeal from this Court's order of June 12, 2019 granting Appellees' Motion for Summary Judgment. The trial court found: (1) that Appellant cannot produce evidence to show that a genuine issue of any material fact exists as to a necessary element of his cause of action as required by Pa. R.C.P. 1035.2(2); (2) that Appellant's claims are time-barred by the applicable statute of limitations; and (3) the "three strikes rule" codified at 42 Pa.C.S.A. 6602(f) precludes further prosecution of Appellant's matters concerning prison conditions.

Appellant filed a *pro se* Notice of Appeal to the Commonwealth Court dated August 14, 2019. The Notice of Appeal indicates that Mr. Brown appeals from the court's order which was dated and docketed on June 12, 2019. On September 10, 2019, the court directed Mr. Brown to file a concise statement of the errors complained of on appeal (Statement) within twenty-one (21) days pursuant to Pa. R.A.P. 1925(b)(1). It was brought to this court's attention, on or about November 6, 2019, that Mr. Brown filed his Statement on or about October 8, 2019. This

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Statement was not served on the trial judge pursuant to Pa. R.A.P. 1925(b)(1), as well as the order of court dated September 10, 2019, directing Appellant to do so.

This matter involves Appellant's petition for writ of mandamus (hereinafter, the "Petition") filed on October 16, 2015, against Appellees, Eileen Whalon Behr (Sheriff of Montgomery County from April, 2011 – May, 2013), Mark Levy (Prothonotary of Montgomery County), and Mark Barbee (former Supervisor, Office of the Prothonotary of Montgomery County). In this Petition, Appellant seeks to compel Appellees to perform their respective legal duties to serve original process and perform mandatory ministerial tasks such as entering filings on the docket with respect to six (6) civil actions Plaintiff commenced in the Montgomery County Court of Common Pleas, those being:

> *Brown v. PA Department of Corrections, et al.,* No. 09-24837 (**Case Number 1**);
>
> *Brown v. Wenerowicz, et al.,* No. 11-23290 (**Case Number 2**);
>
> *Brown v. Weiss,* No. 2012-22313 (**Case Number 3**);
>
> *Brown v. Wenerowicz,* No. 12-22765 (**Case Number 4**);
>
> *Brown v. Prison Health Services, et al.,* No. 14-18549 (**Case Number 5**); and
>
> *Brown v. Brinkman,* No. 14-19593 (**Case Number 6**).

Appellant alleges in the Petition, that Appellee Eileen Whalon Behr, while Sheriff of Montgomery County, failed or refused to make service of original process in four (4) of the cases - **Cases 3 through 6,** inclusive - and ignored Appellant's efforts to resolve problems that may have prevented service. Appellant also alleges that Appellees, Prothonotary Mark Levy and a deputy in his office, Mark Barbee, improperly refused to accept certain documents for filing in Appellant's pending civil actions, including timely notices of appeal in **Cases 1 and 2.**

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Appellant contends that the actions of the Appellees, Prothonotary' s Office and the Sheriff's Office, are part of an alleged campaign to sabotage and prevent the cases from moving forward, born out of an intention to punish or retaliate against him because of his alleged exposure of a corrupt and/or racist criminal justice system in Montgomery County. Specifically, in connection with criminal proceedings in Commonwealth v. Alton Brown CP-46-CR-0001095-1997, in which, Appellant was tried by a jury and convicted of robbery and possession of weapon charges. *See* Appellant's Petition for Writ of Mandamus, October 16, 2015, ¶¶ 1-12.

On June 8, 2017, the trial court issued an order providing for discovery to be completed by December 1, 2017, and dispositive motions to be filed by February 15, 2018.

Thereafter, on September 19, 2017, Appellant filed a Motion to Compel Discovery seeking an order directing the Appellees to provide full and complete answers to interrogatories and request for production of documents. The record reflects that Appellees responded to said motion by filing a Response to Appellant's Motion to Compel Discovery, where Appellees directed the court's attention to their answers to Appellant's first set of interrogatories and request for production of documents. Appellant's Motion to Compel Discovery was denied by order of the court dated November 6, 2017, and Appellant's appeal from that order was quashed by order of the Commonwealth Court dated March 21, 2018.

Appellant contends that Appellees' Motion for Summary Judgment is premature: Appellant asserts that he should be allowed additional time to conduct discovery, despite his prior efforts to conduct discovery through his original interrogatories and request for production of documents and his second request for production. It is noted that Appellant filed two (2) motions to compel discovery on September 19, 2017 and December 8, 2017. On November 6, 2017, Appellant's first motion to compel was denied. There does not appear to be a ruling on

Appellant's second motion to compel discovery that sought a court order compelling Appellees to produce a copy of Appellant's Amended Complaint, all documents supporting rejection thereof, copies of the procedural rules relied on by the Appellees to reject the Amended Complaint, and a copy of the Sheriff's return of service form and all of the Sheriff procedures that govern effecting service of original process. Appellees objected to Appellant's second request for production of documents as not being reasonably calculated to lead to the discovery of admissible evidence and as being unduly burdensome, harassing and oppressive, and requiring an unreasonable investigation. In reviewing Appellees' answers to Appellant's original discovery requests, the Court notes that Appellees provided the reasons for rejection of Appellant's Amended Compliant in the instant action. Appellees also provided Appellant copies of docket entries for the six (6) other cases filed by Appellant in Montgomery County. Appellees objected to discovery seeking disclosure of:

1.  all rules, procedures, guidelines, etc. issued by the Prothonotary that governs the handling of litigants' submissions and inquiries by your staff;

2.  copies of Montgomery County Local Civil/Criminal Rules that were in effect during 2011 to present;

3.  any document that identifies the Prothonotary's staff, their duties, and salaries;

4.  any document that reflects the manner in which judges are assigned to civil cases;

5.  any document that governs the handling of prisoner litigants, including litigants proceeding in forma pauperis;

6.  any document that reflects the duties, functions and salaries of Defendants Behr and Levy;

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7. all rules, procedures, directives, or related authority that governs the process for effecting original process by Defendant Behr's employees; and

8. any document that identifies Sheriff Staff responsible for initiating the process for effecting original process, their duties, and salaries.

In **Case Number 1**, the trial court sustained the preliminary objections filed by Defendant Prison Health Services, Inc., Dr. Arias, Dr. Herbik, Dr. Swierczewski, P.A. Lapina, P.A. Meyers, and P.A. Geragi, as well as those filed on behalf of the Department of Corrections Defendants. The orders sustaining the preliminary objections dismissed the complaint against those defendants. Appellant petitioned to proceed in forma pauperis in his original filing in **Case Number 1**, and an order was issued granting the petition for the filing fee only and without prejudice to Appellant to subsequently petition to proceed in forma pauperis as to additional costs and fees. Appellant's complaint in this case concerns the Appellee Prothonotary's May 4, 2012 rejection of Appellant's filing of his notice of appeal. The dockets for this case indicate that Appellant's appeal was rejected for filing for want of a fee. Appellant did serve a copy of his notice of appeal on the trial judge then presiding over the case as an order was issued for Appellant to file his concise statement of errors complained of on appeal.

In **Case Number 2**, in which the only named defendants are Mike Wenerowicz and Wendy Shaylor, the dockets show that Sheriff's Returns of Service were filed and that they indicate that service of original process was effectuated after the issuance of an order directing the sheriff to serve the petition for a writ of mandamus. The last action was January 13, 2015, when Appellant's notice of appeal was rejected by Appellee Prothonotary. Further, Appellant petitioned for leave to appeal in forma pauperis and said petition was granted and the matter proceeded through the appellate process.

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Case Number 3**, involves Appellant's petition for a writ of mandamus against Ann Thornburg Weiss, Clerk of Courts of Montgomery County. On October 16, 2015, Appellant filed the instant petition for a writ of mandamus seeking to compel Ms. Weiss to accept for filing a petition for writ of habeas corpus that was filed on June 4, 2012. On August 15, 2012, Appellant filed his petition for writ of mandamus against Ms. Weiss for her refusal to accept the June 4, 2012 filing. The June 4, 2012 filing challenged his total confinement imposed as the sentence for his conviction in the aforementioned criminal proceedings in Commonwealth v. Alton Brown CP-46-CR-0001095-1997, wherein, Appellant was tried by a jury and convicted of robbery and possession of weapon charges. In this case Appellant's petition to proceed in forma pauperis was granted by order of the court dated September 4, 2012, as to filing fees for the initial filing only, and Appellant's petition was accepted by the Clerk of Courts in accordance with that order. On May 14, 2013 an order was issued that dismissed the petition against Ms. Weiss. The docket contains remarks by Prothonotary personnel advising Appellant to consult the rules of civil procedure to have his petition served and further advising him to effectuate service in accordance with the Pennsylvania Rules of Civil Procedure. The matter was filed of record, but it was not served.

In **Case Number 4**, in which Mike Wenerowicz, the Superintendent at State Correctional Institution – Graterford is the only named defendant in Appellant's petition for writ of mandamus with regard to prison conditions, specifically, Appellant's right to outside exercise. On May 14, 2013, an order was issued dismissing the petition and providing the aforementioned guidance in **Case Number 3** concerning the manner to make proper service. Appellant's petition to proceed in forma pauperis in this case was granted as to the initial filing fees only, by order of court dated September 4, 2012. The matter was filed, but not served.

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

In **Case Number 5,** Appellant filed a complaint on June 14, 2014, complaining about prison conditions and the delivery of health care provided to Appellant. Aside from the merits of that case, Appellant's petition to proceed in forma pauperis was granted as to the initial filing fees only. Appellant complains that the Montgomery County sheriff failed to effectuate service on any defendant named therein. The docket reflects an outstanding motion filed by Appellant on December 8, 2017, seeking an order requiring the sheriff to effect original process. No further activity is noted, except for filings of praecipes to reinstate.

Lastly, in **Case Number 6**, in which John D. Brinkmann, Esquire is the only named defendant, Appellant's petition to proceed in forma pauperis was granted as to the initial filing fees only. The docket shows that Appellant has made service of the complaint.

## Discussion

In this particular instance, Appellant has filed a Petition for Writ of Mandamus. The elements required in such a cause of action are that "the Plaintiff shall set forth in the complaint:

    (1) the name and description of the plaintiff and defendant;

    (2) the facts upon which plaintiff relies for the relief sought;

    (3) the act or duty the defendant is required to perform and the refusal
        to perform it;

    (4) the interest of the plaintiff in the result;

    (5) the damages, if any;

    (6) the want of any other adequate remedy at law;

    (7) a prayer for the entry of a judgment against the defendant commanding
        that the defendant perform the act or duty required to be performed
        and for damages, if any, and costs."

Pa. R.C.P. 1095.

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty. *Council of City of Philadelphia v. Street*, 856 A.2d 893, 896 (Pa. Cmwlth. 2004), *appeal denied*, 876 A.2d 397 (2005). Mandamus will issue only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and no other adequate remedy. *Shaler Area Sch. Dist. V. Salakas*, 432 A.2d 165, 168 (1981). Mandamus actions are governed by a six-month statute of limitations. *Capinski v.Upper Pottsgrove Township*, 164 A.3d 601 (2017); *See also Fleming v. Rockwell*, 500 A.2d 517,519 (Pa. Cmwlth. 1985).

This matter presented a myriad of reasons to grant Defendants' motion for summary judgment. The trial court granted the motion pursuant to the "three (3) strikes rule" codified at 42 Pa.C.S.A. §6602(f) for Appellant's prison conditions litigation as to Case Numbers 1 and 4, and the applicable statute of limitations for mandamus actions – Case Numbers 2, and 3. Moreover, as for case Number 2, Appellant's assertion that his notice of appeal was not accepted is belied by the fact that the docket for that case shows the prosecution of an appeal.

Plaintiff commenced the instant mandamus action on October 16, 2015. Any rejected filing or rejected request for service occurring more than six months before that date is time-barred. Accordingly, Appellant's instant petition, as it relates to Case Numbers 1, 2, 3, 4, and 6 are time-barred by 42 Pa.C.S. §5522(b)(1).

Appellant has failed to show that a genuine issue of material fact exists as to Pa. R.C.P. 1095(3). In regards to his claims against Appellee Whalon Behr for refusing to effect service of original process in the aforementioned Cases 3-6, Appellant has provided no evidence indicating that under the circumstances he had a clear legal right to mandamus and that Appellee was required to perform service of process, and subsequently refused to perform this

duty. In Cases 4, 5 and 6, the orders granting Appellant the right to proceed in forma pauperis limited that right to the filing fee of the original papers only, and not as to service. Therefore, Appellant did not demonstrate a clear right to mandamus. Appellant had another legal remedy available to him; he could have requested reconsideration of the trial court's order granting him limited in forma pauperis status. *See Brown v. Bradford,* 194 A.3d 1141 (Pa. Cmwlth. 2018).

After relevant pleadings are closed, the Pennsylvania Rules of Civil Procedure allow for a party to apply for summary judgment as a matter of law "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury." Pa. R.C.P. 1032.2(2).

Here, Appellant has failed to demonstrate the ability to provide evidence that any of the Appellees were required to perform a duty and that they improperly refused to perform it. Appellant was provided the docket for each of the six (6) cases for which he asserts the Appellees refused to perform their duties, yet, Appellant has not come forth with any evidence to show that a genuine issue of material fact exists as to any dereliction of duty or failure by the Appellees to perform a ministerial act. Simply, there would be nothing to submit to a jury for disposition.

Pa. R.C.P. 1035.3(a) (1) provides as follows:

> (a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion.

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Pa. R.C.P. 1035.3(a) (1).

Appellant has failed to produce or provide evidence to support his allegations that the actions taken by the Appellees, with regard to the six (6) civil actions initiated by Appellant, were (1) motivated by any animus against Appellant or (2) born out of any intention to punish or retaliate against him because of his alleged exposure of corrupt and/or racist criminal justice system in Montgomery County. In order for a jury to hold that Appellees refused to perform a required duty because of corruption or racism within the criminal justice system in Montgomery County would require the fact finder to base its verdict on speculation, which it cannot do. Appellant is duty-bound to demonstrate through discovered evidence an ability to prove his allegations, and he has failed to do so. Furthermore, he has not shown that any further discovery he intends to propound would fulfill said duty. As a result, Appellees were entitled to summary judgment in their favor and against Appellant in this matter.

## Conclusion

For all of the reasons set forth above, it is respectfully submitted that the trial court's decision granting summary judgment to Appellees be affirmed.

RESPECTFULLY SUBMITTED,

STEVEN C. TOLLIVER, SR., J.

This Opinion has been E-Filed on 11/19/19

Copy sent by Interoffice Mail:
Montgomery County Solicitor's Office
Copy sent by First Class Mail:
Alton Brown, DL4686, SCI Fayette, 50 Overlook Drive, LaBelle, PA 15450-1050

Judicial Secretary

Case# 2015-27538-136 Docketed at Montgomery County Prothonotary on 11/19/2019 3:07 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.